Mobile and Ohio R. R. Co. v. Catherine Healy, Adm'x.

1. MASTER AND SERVANT—*Servant Assumes the Ordinary Risks of the Employment.*—The risks in working in a railroad yard with many tracks lying close together, is open and apparent. It is incident to the business of handling and switching cars, and the employe who voluntarily engages in that service must be held to assume the risk.

2. INSTRUCTIONS—*Proximity of Railroad Tracks Not a Question for the Jury to Consider.*—The manner of constructing a railroad is an engineering question, and it is not a question for a court to submit to a jury whether the manner of construction of a railroad is proper or not.

3. EVIDENCE—*Admissible to Prove Car Door Was Standing Open.*— As tending to prove that a car door was standing open at the time of the accident, it is proper to show that it was not fastened back against the car, and for lack of fastenings could not be secured in place against the side of the car. Testimony in defense that the door was opened and fastened back, and that a hook and staple for that purpose were provided, was competent in proof that the door was not projecting into the space between the cars.

Trespass on the Case.—Death from negligent act. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge presiding. Heard in this court at the February term, 1903. Reversed and remanded. Opinion filed September 10, 1903.

LANSDEN & LEEK and MESSICK & CROW, attorneys for appellant.

M. MILLARD and F. C. SMITH, attorneys for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This case was before this court on appeal at the August term, 1901—Mobile & Ohio R. R. Co. v. Catherine Healy, Adm'x, etc., 100 Ill. App. 586—to which reference is made for a sufficient statement of the facts and issues involved. By the opinion filed on former appeal the trial court was sustained in its ruling on the demurrer to appellant's plea to the jurisdiction of the City Court. It was also held that the construction and proximity of the tracks in a railroad yard, used by railroad employes in their daily work, are questions of engineering, within the doctrine of the Dris-

coll case, 176 Ill. 330, and Randall v. B. & O. R. R. Co., 109 U. S. 478, and that the law which requires a railroad company to furnish reasonably safe machinery, and to keep its tracks, engines, cars and appliances in reasonably safe repair, has no application to such engineering questions.

After due consideration of the arguments here made and a review of authorities cited, we adhere to the conclusions reached on the former hearing.

The risks in working in a railroad yard, with many tracks lying close together, as appears in this case, can not be denied. But the danger is open and apparent. It is incident to the business of handling and switching cars, and the employe who voluntarily engages in that service must be held to assume the risk. This comes clearly within the general proposition that one who engages in a hazardous service is presumed to do so with a knowledge of the dangers incident to such service and assumes the risks of its ordinary hazards.

The question of negligence as to the closeness of the tracks being eliminated, the issues are confined to the charge of negligence in the declaration that the appellant permitted or allowed the door of the refrigerator car to be open and project into the space between the tracks, whereby appellee's intestate lost his life.

As this case must be remanded for another trial, we forbear discussion of the evidence further than to say, that after a careful examination of the record we are constrained to hold that the verdict is so manifestly against the weight and preponderance of the evidence as to justify the conclusion that it must have been the result of prejudice, passion, sympathy or mistake.

The trial court by its ruling on the evidence and by the first of the defendant's given instructions, held to the opinion of this court on former appeal, that the charge of negligence in the relative proximity of the tracks was not a matter for the jury to consider, and yet, the first of plaintiff's given instructions authorizes a finding upon that question. The declaration should have been amended or the instruc-

tion modified to conform with the issue to be tried. The instruction was erroneous and highly misleading.

Appellant is without just ground of complaint in the rulings of the trial court upon the admission and exclusion of testimony relating to the door fastener, especially as to that offered by appellee in rebuttal. Whether or not the door was provided with suitable fastenings to keep it open was not in issue as a cause of action; but as tending to prove that the door was standing open at the time of the accident, it was proper to show that it was not fastened back against the car, and for lack of fastenings could not be secured in place against the side of the car. Testimony in defense that the door was opened and fastened back, and that a hook and staple for that purpose was provided, was competent in proof that the door was not projecting into the space between the cars, but such proof made competent the testimony given in rebuttal.

For error in giving plaintiff's first instruction and for the reason that the verdict is manifestly against the weight of the evidence, the judgment of the City Court is set aside and the cause remanded for a new trial.