## Mobile & Ohio Railroad Company v. Catherine Healy, Administratrix.

1. VERDICT—*when set aside.* A verdict will be set aside on appeal as against the greater weight of the evidence where it is so manifestly contrary to the same as to justify the conclusion that it must have been the result of prejudice, passion, sympathy or mistake.

Action on the case for death caused by alleged wrongful act. Appeal from the City Court of East St. Louis; the Hon. W. J. N. Moyers, Judge, presiding. Heard in this court at the August term, 1904. Reversed and remanded. Opinion filed September 8, 1905.

Lansden & Leek and George A. Crow, for appellant.

M. Millard and F. C. Smith, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

This is a suit in case by Catherine Healy, as administratrix of the estate of William Healy, deceased, against the Mobile and Ohio Railroad Company. The declaration, which consisted of one count, alleged that said deceased was in the employ of defendant as a switchman in its

yards; that defendant negligently allowed two of its railway tracks to be without sufficient space between the same for the reasonably safe and convenient switching and handling of cars thereon and negligently had and allowed the door of a certain car standing on one of said tracks to be open and project into the space between said tracks, by means whereof the said William Healy in his lifetime while then and there performing his said services between said tracks, with due care and diligence, unavoidably struck and collided with said door of the car left standing and placed as aforesaid and was then and there thrown and knocked to the ground, receiving injuries which caused his death.

Defendant filed a plea to the jurisdiction of the court, to which the court sustained a demurrer and afterwards filed a plea of the general issue. There was a judgment in favor of the plaintiff for $1,999, and the defendant appealed.

This case has been in this court twice before on appeal and on each occasion was reversed and remanded. The opinion on the first appeal is reported in 100 Ill. App. 586, where a complete and satisfactory statement of the facts and issues in the case is made. It is unnecessary to discuss appellant's claim that the trial court erred in sustaining appellee's demurrer to the plea to the jurisdiction of the court, as that question has been disposed of in the former opinion of this court, which sustained the ruling of the lower court upon the demurrer.

In regard to the charge of the declaration that appellant was guilty of negligence in allowing two of its railway tracks to be too close together, for the reasonably safe and convenient switching and handling of cars thereon, this court held, when the case was here for the first time, following the rule laid down in C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 330, and Randall v. B. & O. R. R. Co., 109 U. S. 478, that the construction and proximity of appellant's tracks in its railroad yards, were questions of engineering, and that it was not for the jury to say whether their closeness was negligence on the part of appellant.

The principle of law so laid down as applicable to this case, was adhered to on the second hearing in this court, and when the case was again tried the court below properly instructed the jury that the charge in the declaration that defendant was guilty of negligence in suffering two of its railroad tracks to be too close together, should not be considered by them.

The remaining charge of negligence and the only one which could be submitted to the jury under the declaration, was the charge that defendant negligently permitted the door of a car standing on one of its tracks, to remain open and project into the space between the tracks where appellee's intestate was at work, and that he was struck by the same and received injuries from which he died.   Upon that question this court said, when the case was here the last time (109 Ill. App. 531): "After a careful examination of the record, we are constrained to hold that the verdict is so manifestly against the weight and preponderance of the evidence, as to justify the conclusion that it must have been the result of prejudice, passion, sympathy or mistake" and the cause was reversed and remanded for an error in one of appellee's instructions, and for the further reason that the verdict was manifestly against the weight of the evidence.

At the last trial of the court below, by stipulation between the parties, the testimony of the witnesses examined at the preceding trial, was read in evidence from the bill of exceptions filed on the occasion of the last preceding appeal, and in addition there was the testimony of two other witnesses examined on behalf of appellee and four on behalf of appellant.   The same case is therefore presented to us upon the evidence as that which was before us at the last hearing, with the exception of the testimony of the six new witnesses.   It is unnecessary for us to discuss the additional testimony further than to say that its effect upon the whole was to strengthen the defense made by appellant.   The language of this court in regard to the weight of the evidence, therefore, applies with even greater force to the present case.   In fact the verdict at the last trial

was so manifestly against the overwhelming weight and pre-ponderance of the evidence as necessarily to lead us to the same conclusion, in reference to it, that we reached when the case was last before us. Under such circumstances, following the rule laid down in the last opinion filed in this case, and previously enunciated by this court in the case of St. Louis National Stock Yards v. Godfrey, 101 Ill. App. 40, it was the duty of the lower court to set aside the verdict and award a new trial.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*