Catherine Healy, Administratrix, Appellee, v. Mobile and Ohio Railroad Company, Appellant.

VERDICTS—*when set aside as against the evidence.* The appellate court will reverse a judgment manifestly against the preponderance of the evidence even though a number of juries may have found the same way.

Action in case for death caused by alleged wrongful act. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1908. Reversed and remanded. Opinion filed March 4, 1909. Rehearing denied October 28, 1909.

LANSDEN & LANSDEN and JOHN E. HAMLIN, for appellant.

F. C. SMITH and M. MILLARD, for appellee.

*Per Curiam.* Appellee brought this suit to recover damages for the death of her husband, the intestate, William Healy, which occurred April 21, 1898, while he was in the employ of appellant as a switchman in its yards, at East St. Louis, Illinois.

The case has been tried five times with a jury in the trial court and is now before this court for the fourth time. The former opinions of this court, to which we refer for the facts, are reported in 100 Ill. App. 586, 109 Id. 531 and 122 Id. 275.

When the case was before us the second time we said, "After a careful examination of the record we are constrained to hold that the verdict is so manifestly against the weight and preponderance of the evidence, as to justify the conclusion that it must have been the result of prejudice, passion, sympathy or mistake." On the next trial by stipulation between the parties, the testimony of witnesses examined at the preceding trial was read in the trial court from the bill of exceptions filed on the occasion of the second appeal to this court, and in addition there was heard the testimony of six new witnesses, two on behalf of appellee and four on behalf of appellant. The trial, as on previous occasions, resulted in a verdict for appellee and in disposing of the appeal in this court, we said, "It is unnecessary for us to discuss the additional testimony further than to say that its effect upon the whole was to strengthen the defense made by appellant. * * * In fact the verdict at the last trial was so manifestly against the overwhelming weight and preponderance of the evidence, as necessarily to lead us to the same conclusion in reference to it that we reached, when the case was last before us," and the judgment was again reversed and the cause remanded. When the case again reached the trial court, another stipulation was entered into by the parties, whereby it was agreed, "that when said cause is tried it shall be tried upon the same evidence which was introduced on the last trial of said cause in said City Court and that either party to said cause, shall have the right to read on the trial of said cause from the bill of exceptions made up on the last trial of said cause, the testimony of any witness or witnesses contained in said bill of exceptions." The case was again tried in the City Court of East St. Louis and appellee again recovered a judgment, which was set aside by the court on appellant's motion and a new trial awarded. At the August term, 1907, of said court, the case was again tried and, under the stipulation aforesaid, the

testimony of the witnesses was read from the bill of exceptions filed on the occasion of the last preceding appeal to this court. At the conclusion of the reading of the testimony for appellee, from said bill of exceptions, she called as a witness a person who had never been a witness in the case upon any of the previous trials. Upon objections made by counsel for appellant, the court refused to permit said witness to testify in the cause, for the reason that the parties were bound by said stipulation and could not introduce any evidence not included in the bill of exceptions therein mentioned. The trial again resulted in a verdict in favor of appellee and the record is again brought to this court by appeal for review. The case comes before us now on the same record, so far as the evidence is concerned, as was presented to us upon the last appeal. In fact no questions appear to be raised by counsel on this appeal, which have not been already passed upon by this court. No new argument is presented why our views in reference to the evidence in the case should differ from those we have hitherto entertained, nor do any reasons for such change appear to us from the record. We therefore have no inclination, if indeed it were proper, to change or modify the views we have hitherto expressed, concerning the merits of identically the same case.

The judgment of the court will accordingly be reversed and the cause remanded.

*Reversed and remanded.*