## Catherine Healy, Administratrix, Appellee, v. Mobile & Ohio Railroad Company, Appellant.

1. COURTS—*powers of judge of County Court.* Except in the special instances provided by statute a county judge has no power to preside over a city court.

2. JUDGMENTS—*effect of lack of jurisdiction.* Lack of jurisdiction renders a judgment and all proceedings leading up thereto a nullity, and the question may be raised for the first time on appeal.

SHIRLEY, P. J., dissenting.

Action in case for death caused by alleged wrongful act. Appeal from the City Court of East St. Louis; the Hon. JOHN B. VAUGHN, Judge, presiding. Heard in this court at the March term, 1910. Appeal dismissed. Opinion filed November 12, 1910. Rehearing denied and opinion modified May 20, 1911.

LANSDEN & LANSDEN and JOHN L. FLANNIGEN, for appellant.

F. C. SMITH, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Four judgments rendered against appellant by the City Court of East St. Louis in this cause have been reversed and at every reversal the case has been remanded for new trial by this court. 100 Ill. App. 586; 109 Ill. App. 531; 122 Ill. App. 275; 151 Ill. App. 310. The last three reversals were based on the ground that the verdict was manifestly against the weight of the evidence. A complete statement of the case as heretofore made, is set forth in the printed volumes above noted. On April 18, 1906, the second written stipulation was made between the parties as follows:

"It is hereby stipulated by and between the parties to the above entitled cause that when said cause is tried it shall be tried upon the same evidence which was introduced on the last trial of said cause in said City Court, and that either party to said cause shall have the right to read on the trial of said cause from

the bill of exceptions made up on the last trial of said cause the testimony of any witness contained in said bill of exceptions. It is further stipulated that the said cause shall be stricken from the trial calendar and shall stand continued until the next term of this court.''

At the March term of said court, 1907, trial was had under said stipulation, and a verdict for $1,999 was set aside on defendant's motion for new trial. At the December term, 1907, said court denied plaintiff's motion to set at naught said stipulation and admit additional evidence; but entered judgment against appellant on a verdict for $1,250, which was the fourth judgment reversed by this court. At the January term, 1910, of said City Court, after notice to defendant by plaintiff that it would insist said stipulation was void except as to the first trial thereafter and offer additional evidence, the parties further stipulated in writing that either party might read in evidence from the bill of exceptions made up on the last trial. In said last stipulation it was declared that the defendant insists that the stipulation of April 18, 1906, is still in full force and effect and that by reason thereof plaintiff has no right to offer additional evidence; and that plaintiff insists the stipulation is now void. Judge Vaughn, County Judge of Macoupin county, was called in and sitting as trial judge at said last term, tried this case and held in said trial that said stipulation of 1906 was not binding, and allowed plaintiff over the objection of the defendant to introduce the testimony of an additional witness, J. W. Hendricks. The defendant then introduced four additional witnesses to contradict and impeach said Hendricks, at the same time protesting that the additional evidence ought not to have been allowed. Judge Vaughn then entered judgment on the verdict of the jury for $1,999, and the defendant again appealed.

The defendant insists that Judge Vaughn who presided at the trial below had no authority to sit as a

Judge in said City Court and that therefore the whole trial was a nullity and that the judgment is also void. The only authority urged to sustain the jurisdiction of the presiding judge in this case is section 6 of the Act entitled "An Act in relation to Courts of record in Cities," which reads as follows: "Such Judges (City Judges) may, with like privileges as the judges of Circuit and County Courts, interchange with each other, and with the judges of Circuit, Superior, County and Probate Courts, and (City Judges) may hold court for each other, and for judges of Circuit, Superior, County and Probate Courts, and (City Judges may) perform each other's duties, and the duties of judges of Circuit, Superior, County and Probate Courts, when they find it necessary or convenient." Hurd's Rev. Stat. 1908, p. 661.

The parentheses appearing in said quoted section are ours and are inserted for the purpose, simply, of emphasizing the clear intent and meaning of the said section. This section does not purport to enumerate any of the powers or duties of county judges; but does very fully enumerate the powers and duties of city judges when called into other courts. The only sections in our Statutes, so far as we are able to find, that empower a county judge to hold court in a city court or to try any case originating in a city court, is found in section 14 of the same act above quoted from, and section 90 of our Practice Act passed in 1907. Hurd's Stat. 1908, p. 1632. Said section 14 authorizes a county judge, when a change of venue has been taken for prejudice of a city judge, to be substituted in the place of such city judge, by the consent of the parties to the suit, and if they cannot agree, then by the judge of such city court. Said section 90 authorizes the clerk of a city court, in case of death, removal, resignation or disability of the judge thereof, to select and call in any county judge and then such judge shall have the authority, right and duty of the duly elected judge of such city court. While it is true that interchange

ordinarily means exchange, yet conceding that it has
that meaning in the statute mentioned, we do not think
it authorizes the construction that a county judge may
be called into a city court to try cases with the same
authority, power and duty of a city judge except in
the special instances above named.   Particularly are
we driven to this conclusion because of the fact that
said statute particularizes and names the duties and
powers only of the city judge without therein naming
any powers that a county judge may have in a city
court until said section 14 is reached.   If the legisla-
ture meant by said section 6 to give all the powers of
a city judge to a county judge in a city court by ex-
change, then the latter part of section 14 so far as it
applies to county judges holding court in a city court
was a useless act.   "The maxim, *expressio unius est
exclusio alterius,* is applicable to a statutory provision
which grants originally a power or right.   In such
cases the power or right originates with the statute
and exists only to the extent plainly granted.   *   *   *
This conclusion is almost self-evident; for since the
statute creates and regulates, there is no good ground
for claiming or proceeding except according to it."
Sutherland on Stat. Con. sec. 325.

After a careful examination of the statute we are of
the opinion that Judge Vaughn was without juris-
diction to try this case in the City Court, as it ap-
pears from the record that he was simply called to try
the case by the voluntary act of the judge of said City
Court.   Lack of jurisdiction renders the judgment and
all proceedings leading up thereto a nullity, and the
question may be raised for the first time on appeal.
Fisher v. City of Chicago, 213 Ill. 268.

For the reasons above given the trial judge was not
authorized by law to sit as a judge in the trial of this
cause and the judgment is a nullity and there is no legal
judgment from which to appeal.   The appeal is there-
fore dismissed.

*Appeal dismissed.*

MR. PRESIDING JUSTICE SHIRLEY dissents.

I dissent from the foregoing opinion holding the county judge did not have jurisdiction to try the cause. Such jurisdiction seems to me to be clearly conferred by the statute cited in the opinion authorizing city judges to interchange with county judges.