## ASPINWALL *vs.* TREANOR.

A return of *nulla bona* made by the regular marshal of the town of Black-shear, in Pierce county, or by a special marshal appointed by the mayor, upon a *fi. fa.* issued from a justice court, will not prevent the judgment from becoming dormant. The functions of the marshals as constables are confined to process, *etc.*, emanating from the corporation court created by the special act of August 27, 1872, (pamph. p. 143,) and do not extend to executions issued from other courts in virtue of the general law. The fourth and fourteenth sections of the special act are to be read together, and are to be construed in reference to the title of the act, and to the constitutional rule requiring both unity and conformity in the subject matter. Code, §5056.

BLECKLEY, Justice.

## ANDREWS *et al. vs.* POGUE.

1. A suit on a written contract for building a house cannot be amended by adding thereto an account to which the written contract does not apply, such account being a distinct cause of action.
2. The other grounds for new trial are not well taken.

JACKSON, Justice.

## THOMAS, judge, *vs.* REESE, treasurer.

In fixing the salary of the county judge, the first grand jury acting upon the subject, establishes a salary for one year only, and not for each year of the judicial term. Over the salary for each year, the grand juries of that year possess all the powers conferred by sections 281 and 316 of the Code. Hence, where the grand jury serving at the spring term of the court in 1877, fixed a salary of thirteen hundred dollars, the grand jury serving at the spring term of the court in 1878 could lawfully fix a salary of eight hundred dollars. The result would be to entitle the county judge to the former sum as his salary for the former year, and to the latter sum as his salary for the latter year.

BLECKLEY, Justice.