VAUGHAN *vs.* McDANIEL.

73b 97|
113 980|

1. In an action against one for the tortious killing of the cow of another, by the son of the defendant, sayings of the son to the plaintiff, made after the *res gestæ* of the transaction were terminated, were not admissible against the father. 57 *Ga.*, 253, 257; 53 *Id.*, 395, 635.

2. The object of the act of 1880 (Code, §4139), which required the

summons in justices' courts to have the cause of action sued on attached thereto, was to give the defendant notice what he was required to meet; and since its passage, such cause cannot be changed to a totally different cause of action.

(*a.*) Therefore where suit was brought in a justice's court for triple damages for the killing of a cow in an enclosure where the fence was not lawful, under Code, §1445, it could not, after appeal to a jury, be converted into a mere action for the value of the cow, under Code, §2961; and a recovery under such a change was improper.

Judgment reversed.

March 18, 1884.

JACKSON, Chief Justice.

[McDaniel brought suit against Vaughan for triple damages for the killing of a cow. The declaration alleged that one Lee Vaughan, a minor son of defendant, had maimed, crippled and killed plaintiff's cow, pretending that it was trespassing upon the crop of defendant, which was not enclosed by a lawful fence, and that her value was $25.00. The case was appealed to a jury in the justice's court. Defendant demurred to the declaration, because it did not allege that the act of the minor was by the command of his father, or in the prosecution and within the scope of his business as agent for his father, or that the injury was done in an enclosure, or any fact authorizing triple damages. Plaintiff's counsel abandoned his claim for triple damages, and announced that he would proceed for the value of the cow. The justice thereupon overruled the demurrer.

It is unnecessary to set out the evidence, further than to state that plaintiff's evidence went to the effect that the fence around defendant's field had been left down; that a red heifer had gone in; that defendant's son was told by defendant to drive her out, and in doing so, he threw a rock which struck the cow on the leg; that the leg was broken, and she had to be killed; that the throwing of the rock was admitted both by defendant and his son; and that the value of the cow was $25.00.

The evidence for the defendant was to the effect that the son did not break the cow's leg or hit her on the leg at all, but he threw a small stone at a heifer, which, missing her, hit the cow on the head. Plaintiff got the hide, which was worth something. The cow was lying down outside of the field when the stone struck her. She then tried to get up, but could not.

The jury found for the plaintiff $23.50. Defendant carried the case to the superior court by *certiorari,* alleging the following among other errors:

(1 ) Because the justice overruled the demurrer, and allowed the case to proceed for ordinary damages, upon the abandonment of the claim for triple damages.

(2.) Because the justice admitted in evidence admissions of the minor son of defendant, made two days after the cow was hurt, as to having thrown a rock at her and hit her.

(3.) Because the verdict was contrary to law and evidence.

The *certiorari* was refused, and defendant excepted.]