MOYER *v.* RAMSAY–BRISBANE STONE COMPANY.

1. The amendment which the plaintiff proposed to make to his petition was properly disallowed by the trial court, inasmuch as he thereby sought to introduce a new and distinct cause of action.
2. It does not appear that the court, in excluding evidence or in declining to permit specific questions to be propounded to a witness introduced in behalf of the plaintiff, committed any error which was prejudicial to him.
3. As the plaintiff failed to prove his case as laid, a nonsuit was properly granted on motion of the defendant.

Submitted February 18, — Decided March 7, 1904.

Action for damages.    Before Judge Reid.    City court of Atlanta.    October 28, 1902.

*Moore & Pomeroy* and *Arnold & Arnold,* for plaintiff.
*Smith, Hammond & Smith,* for defendant.

TURNER, J.    The plaintiff in error, James D. Moyer, brought a suit for damages against the Ramsay–Brisbane Stone Company, a corporation, alleging in his petition that he was, on the 24th day of November, 1900, in the employment of that company, doing work as a laborer on the new Empire building, in the city of

Atlanta, Ga., the "said company having the contract for the stone work on the said building," and he being employed by the company "as a laborer to assist in the work on the said building, such as hoisting stone into place, loading and unloading stones, and doing any and all work that he might be ordered to by the foreman in charge of the work;" that on the day named, while he was at work on the building, the company's foreman ordered him "to take a certain derrick apart, and that in doing the said work under the orders of the said foreman, he was thrown violently from the stand upon which he was working and hurled into a cellar about 20 feet from the place upon which he was working; and that, as a result of the said fall, his leg was broken in two places," and he also sustained other serious and painful injuries, etc., etc.    By way of amendment to his petition, the plaintiff introduced the following allegations concerning the character of the derrick which he was ordered to take apart: "The construction of the derrick above referred to is very simple, being made of wood but braced and mortised together, the upright pieces of the derrick being about eight by three inches in dimensions, and thirty to thirty-five feet in length.    At the bottom there is a sill about seven feet long, in which the side timbers are mortised.    About midway between the cap and the sill is a brace mortised into the side timbers.    These mortises were all fastened by bolts.    Near the bottom of these side timbers is mechanically arranged a drum, with cog-wheels, so that the weights can be raised and lowered by turning this drum by the crank.    At the top of this derrick, tackles are fastened through which a rope passes to and around this drum."    The plaintiff further alleged in his petition that he "was a green hand and had been at work on the building but a short time, and that he had no experience at all in taking derricks apart, and that the Ramsay–Brisbane Co., knowing that it was a dangerous piece of work and that [he] was inexperienced, failed to give him any instructions or to warn him of his danger, and that they were negligent in not so warning and instructing" him; that he "did not know of his risk, and that the said company failed to warn him," he being inexperienced and not knowing of the danger, and that in failing so to do the company was negligent, as aforesaid; that plaintiff and "another were sent alone to take the derrick apart, and that it was impossible for

them to have done the work in any other way than the one in which they did, because of the great weight of the derrick;" that plaintiff " did the work in the only way possible, acting under orders, even had they known of the dangers," of which he did not know. By the amendment above referred to, the plaintiff was allowed to add to his allegations of fact the following :  The " derrick was a dangerous piece of machinery for a green and inexperienced hand," such as he, " to work with, and that defendants did know, or should have known, of these facts ;" that the " sill of the said derrick was lying flat on the ground, with the side beams resting in a slanting position on a small line-house near the platform on which " he was working ; that he " was knocking off the cap" above mentioned, " after having removed bolts, and that in so doing the force which held them together being removed, the tension caused one of the said side timbers to fly violently around, striking " and injuring him in the manner stated.

The plaintiff sought to still further amend his petition by alleging that " The cap at the top of the two beams held them together in such a way, by reason of the brace as above described being too long, that there was a tendency on the part of the two beams to fly apart when the cap was removed, thus making a defect in the construction of the derrick, which was unknown to" him.    On objection by defendant's counsel, this last amendment was disallowed by the court, and to this ruling the plaintiff excepts.    He further makes complaint that the court erred in rejecting certain testimony offered by him, and also erred in entering up against him a judgment of nonsuit.

1.  As has been seen, the theory upon which the plaintiff brought his suit was, as shown by the allegations of his original petition, that the taking apart of a derrick of the kind described was a hazardous undertaking, at least for one inexperienced in doing that kind of work ; and as he was a green hand, the company was under a duty to warn him of the hazards incident thereto, and was guilty of negligence in failing to perform this duty at the time he was ordered to take the derrick apart.    In other words, his sole complaint was that the company's foreman did not tell him, an ignorant and inexperienced hand, that the particular work he was specially ordered to do was inherently dangerous for some reason unknown to him, but which was, or ought to have been,

known by the company's foreman.　The proposed amendment was not, therefore, germane to the case as originally stated.　On the contrary, it is apparent that the plaintiff undertook, by means of this amendment, to introduce a new and distinct cause of action, based upon the theory that the defendant company was guilty of negligence in providing a derrick which was defectively constructed and therefore liable to violently spring apart and injure any one undertaking, in the usual and proper way, to take it apart by removing the cap, as was done by the plaintiff.　That the company was negligent, in that it did not furnish to its employees suitable and safe machinery and appliances with which to perform their duties, was not even remotely hinted at in the original petition, but was for the first time suggested by the proposed amendment which the trial judge refused to allow.　We think he very properly declined to permit the plaintiff to thus amend his pleadings.

2. It appears that the court, on objection made by counsel for the defendant, declined to permit certain questions to be propounded to an expert witness who was sworn by the plaintiff. But as it is not shown what answers to these questions the plaintiff expected to elicit from the witness, we can not undertake to deal with his complaint that the court improperly held that the questions were not such as the plaintiff had a right to ask.　*Bigby* v. *Warnock*, 115 *Ga.* 386, 397.　One of the answers of this witness seemed to be based upon the hypothesis that the derrick which the plaintiff was ordered to take apart was defectively constructed, and that the plaintiff's injury was attributable alone to this fact.　This being so, we think the court properly excluded what the witness said in this connection ; for it was wholly irrelevant to the issues presented by the pleadings, and its rejection did no harm to the plaintiff.

3. A careful reading of the evidence satisfies us that the plaintiff failed to prove his case as laid ; for there was no testimony in support of his contention that the danger incident to taking apart a derrick such as that described in his declaration was one which an inexperienced workman could not anticipate and guard against, and accordingly it did not appear that it was incumbent on the defendant company to warn the plaintiff of the hazard attending the performance of the work he was called on to do by its foreman.

In fact we are impressed with the idea that the injury to the plaintiff was caused by an unusual, if not improper, adjustment of the timbers used in constructing the particular derrick he was attempting to take apart; and that if he had any cause of action against the company, the defective construction of this derrick gave rise thereto, rather than its failure to instruct him as to the hazards incident to the kind of work in which he was engaged as its employee. We accordingly hold that the motion to nonsuit was properly sustained by the court below.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*