### 5724.  KIRBO v. SOUTHERN RAILWAY COMPANY.

WADE, J.  1. Section 4 of the "Federal employer's liability act" of April 22, 1908, provides that in any action brought against a common carrier under that act to recover for injuries to one of its servants, such employee shall not be held to have assumed the risks of his employment in any case where the violation by the carrier of any statute enacted (by Congress) for the safety of employees contributed to the injury. This section limits the abrogation of the doctrine of assumed risk in such cases to instances in which the violation of an express statutory duty of the carrier is charged; and in an action under the statute, for injury to a railroad employee resulting solely from negligence of the railroad company in constructing its tracks too close together, the doctrine of assumed risk is applicable.  Seaboard Air-Line Ry. v. Horton, 233 U. S. 492 (34 Sup. Ct. 639, 58 L. ed. 1062).

2. When a railroad company maintains an electric-lighting system in its freight-yards in order to supply light necessary for the switching of cars, and to enable its employees engaged in that work to move about at night near and between dangerous tracks in greater safety, and an employee is injured because of defects in the lighting system, due to negligence of the railroad company, whereby the usual and necessary amount of light is not supplied to him at the place of the injury, he can not, under the provisions of section 4 of the "Federal employer's liability act," supra, be held not to have assumed the risk arising from the failure of the railroad company to properly maintain its lighting system. S. A. L. Ry. Co. v. Horton, supra.

3. Whether, after discovering the insufficiency of light, the employee assumed the extra risk thereby resulting, by undertaking to perform his duties as a switchman near and around dangerous tracks, notwithstanding the imperfect light, would be a question of fact for determination by a jury, depending in part upon how long this insufficiency existed immediately prior to the injury, and upon when the discovery was or could have been made by the plaintiff, and also upon his location at the time the light failed, and whether under the exigencies of the situation it was then possible for him to remove himself from the danger zone to a place of safety, or whether the employee was necessarily so engrossed in the efficient and proper discharge of his duties as to render him oblivious to a partial failure of the light.

4. The court therefore erred in sustaining a general demurrer and dismissing the plaintiff's petition.

*Judgment reversed.  Broyles, J., not presiding.*

DECIDED FEBRUARY 24, 1915.

Action for damages; from city court of Atlanta—Judge H. M. Reid.  April 25, 1914.

*Atkinson & Born,* for plaintiff.

*McDaniel & Black,* for defendant.