### 6557.  UPCHURCH *v.* CULPEPPER *et al.*

BROYLES, J.  1.  "The general rule of law declaring the duty of a mas-
ter in regard to furnishing a servant a safe place to work is usually
applied to a permanent place, or one which is quasi permanent.  It does
not apply to such places as are constantly shifting and being trans-
formed as a direct result of the servant's labor, and where the work
in its progress necessarily changes the character for safety of the place
in which it is performed as it progresses."  And even where the place
of work falls within this general rule, in a suit by a servant against a
master for injury to the person or to the property of the servant,
received because of the unsafe condition of the place of work, it must
generally appear, not only that the master knew or ought to have
known of the danger, but that the servant did not know of the danger
and did not have equal means with the master of knowing such fact,
and by the exercise of ordinary care could not have known it.  Where
the petition fails to show this, as in this case, it sets forth no cause
of action and should be dismissed on demurrer.  *Holland* v. *Durham
Coal Co.,* 131 *Ga.* 715 (63 S. E. 290); *Thomas* v. *Georgia Granite Co.,*
140 *Ga.* 459 (79 S. E. 130).  See also *Southern Ry. Co.* v. *Taylor,* 137
*Ga.* 704 (73 S. E. 1055); *Ludd* v. *Wilkins,* 118 *Ga.* 525 (45 S. E.
429); Civil Code (1910), § 3131.
2. In this case the law of master and servant applies, for, under the facts
alleged in the petition, the plaintiff (represented by his agent), whose
mules and wagon were injured in excavation work, was not a mere invitee
or licensee upon the defendants' premises, but was in fact and in sub-
37

stance their servant, and assumed the risks and dangers incident to the work.

3. The judge of the superior court did not err in overruling the certiorari.          *Judgment affirmed.*

DECIDED FEBRUARY 3, 1916.

Certiorari; from Fulton superior court—Judge Ellis, March 6, 1915.

*Morrow & Morrow,* for plaintiff.

*Frank Carter, W. H. Beck,* for defendants.