7945. ATLANTIC COAST LINE RAILROAD COMPANY *v.* KENNEDY.

WADE, C. J. 1. The points raised in the original demurrer interposed by the defendant, including the contention that under the allegations in the petition the plaintiff was not engaged in interstate commerce at the time of the injury, not being referred to in the brief of counsel for the plaintiff in error, are treated as abandoned. See, however, 3 Thornton's Federal Employers' Liability Act, §§ 35, 246, 248, 249.

2. The act of Congress of April 14, 1910 (c. 160, § 2, 36 Stat. 298), amending the safety-appliance laws, provides that "all cars must be equipped with secure sill-steps and efficient hand-brakes," etc. Federal Statutes Ann., Supp. 1912, p. 336 (U. S. Comp. St. 1916, § 8618). In the original petition the plaintiff's right to recover was based upon the allegation that in the performance of his duties as an employee of the defendant company, while engaged in switching operations, in a switch-yard, it became necessary for him to use a sill-step in descending from a moving car, and that, owing to the fact that this step was not securely fastened, his foot slipped through it, and, "acting in the emergency thus created, [he] put his right knee against the side of the car, pushed himself away from the car, and jumped backward, in order that he might not be thrown beneath it;" that he "caught on his feet and his left heel struck the end of a cross-tie that extended from two to three inches above the ground, his body was twisted, and he was thrown upon the ground on his left side, with great force and violence," with the resulting injuries on account of which he sued. Clearly the alleged proximate cause of the injury to the plaintiff was the insecure sill-step, and the allegation as to the striking of his foot on the end of a cross-

tie extending above the ground merely illustrated how the injury followed from the original proximate cause—the insecurity of the step, and how the construction of the track contributed to bring about the injury, though upon such construction no negligence was assigned.

3. The court erred in allowing the amendment, which not only more fully described the condition of the track at the place where the injury occurred, but further charged negligence against the defendant because of "its failure to fill in the space between the ties and make the surface level so as to remove the danger incident to the performance of such work in its yard," and also added the distinct and separate averment that "such negligence contributed to his injury." As pleaded, paragraph 5 of the amendment to the petition (which was allowed by the court over objection) set up, as a distinct and independent act of negligence on the part of the defendant, which contributed to bring about the injury to the plaintiff, the condition of one of the tracks in the switch-yard.

(a) Not only does an employee entering the service of a railroad company in a switch-yard built by the company assume the risks arising from the way in which the yard is constructed (*Kirbo* v. *Southern Railway Co.*, 16 *Ga. App.* 49, 84 S. E. 491; s. c. 18 *Ga. App.* 187, 89 S. E. 179), but he also assumes the risks growing out of the condition of the tracks in such yard, in the absence of any allegation that the master knew, or ought to have known by the use of due care on his part, of the existing danger on account of defects in the tracks in such yard, or the failure to maintain them in a safe condition, and that the servant did not know of such defects or failure and had not equal means of knowing the facts, and by the exercise of ordinary care could not have known thereof. *Ludd* v. *Wilkins*, 118 *Ga.* 525 (45 S. E. 429); *Holland* v. *Durham Coal Co.*, 131 *Ga.* 715 (63 S. E. 290); *McDonnell* v. *Central Railway Co.*, 118 *Ga.* 86, 89 (44 S. E. 840); *Kilgo* v. *Rome Soil Pipe Manufacturing Co.*, 16 *Ga. App.* 737 (4) (86 S. E. 82); *Upchurch* v. *Culpepper*, 17 *Ga. App.* 577 (87 S. E. 834); Schlemmer *v.* Buffalo &c. Railway Co., 220 U. S. 590 (31 Sup. Ct. 561, 55 L. ed. 596). Except in cases where the injury results from the violation of some Federal law enacted for the protection of railroad employees, the common-law doctrine of the assumption of risks is still in force in cases arising in interstate commerce. Seaboard Air-Line Railway *v.* Horton, 233 U. S. 492 (6, 7) (34 Sup. Ct. 635, 58 L. ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475).

(b) The amendment allowed by the court did not set forth that the railroad company either knew, or by the exercise of due care on its part should have known, of the alleged defective and dangerous condition of one of its tracks in the switch-yard, or that the employee himself did not know or could not by the exercise of ordinary care have known of such defective and dangerous condition.

(c) The fact that in the original suit the right of the plaintiff to recover was based upon an alleged violation of a provision of the Federal employer's liability act of April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. 1916, §§ 8657-8665), as to which the doctrine of assumed risks was

abrogated, would not authorize a recovery by the plaintiff for injuries brought about by defects in the tracks in a switch-yard, under the allegations as ·made in the amendment, and the court therefore erred in allowing said amendment, even conceding that the original allegation as to such construction was sufficient to authorize such an amendment without adding a new and distinct cause of action.

4. Since the court erred in allowing the amendment above referred to, and thus laid a basis for recovery not authorized by law, what followed need not be considered.

(a) It may, however, be said that the harmful effect of allowing the amendment attempting to set up the independent act of negligence therein alleged is illustrated and was accentuated by an excerpt from the charge of the court, which is duly excepted to, submitting to the jury the question whether or not the defendant was negligent "in one or more of the ways alleged" by the plaintiff, as this instruction authorized the jury to find for the plaintiff either because of the defect in the sill-step, or because of a defect in the construction of the track in the switch-yard, or the failure to properly maintain the track, and a recovery was thereby rendered possible upon proof alone of the separate act of negligence involved in the failure to maintain the track in good condition, since there was some evidence tending to support this allegation in the amendment.

*Judgment reversed. George and Luke, JJ., concur.*
DECIDED JUNE 15, 1917.

Action for damages; from city court of Valdosta—Judge Cranford.   October 20, 1916.

*Patterson & Copeland, Bennet & Branch,* for plaintiff in error. *E. K. Wilcox,* contra.