27498, 27499. McKAY *v.* ATLANTA, BIRMINGHAM AND COAST RAILWAY; and *vice versa*.

DECIDED JUNE 17, 1939.

214

*L. L. Moore, McDonald & McDonald,* for plaintiff.

*J. O. Gibson, Waldo DeLoache,* for defendant.

SUTTON, J. It is clear from the allegations of the original petition that the pleader was attempting to set out a cause of action

on the theory that the defendant had harmed the plaintiff by violating his right to be furnished in the switch-yard a properly designed, located, and constructed side-track as to grade, elevation, and curve; that the side-track had too sharp a curve and too steep an incline, and that this condition caused a flat car, on which the plaintiff was riding in discharge of his duties, to be derailed, and that this alleged negligence on the part of the defendant was the proximate cause of his injuries. It is not alleged that the defendant had permitted to arise and exist, since the original construction, any defects or insufficiencies due to negligence. Apparently the condition had existed as of the original construction. Manifestly the complaint is based on the alleged error in judgment with respect to the safety of the construction as originally designed. These allegations show no cause of action, and not even an imperfect cause of action, that is, enough substance to be aided by a proper amendment to perfect and complete a legal cause of action. See *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691 (13 S. E. 809); *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (48 S. E. 318); Code, § 81-1301. This is true for the reason that the construction of railroad yards, switches, and side-tracks is an engineering problem within the province of the railroad, and an employee whose duties subject him to service on or about such places or locations assumes the risks arising from the mode in which they are constructed. *Charleston & Western Carolina Railway Co.* v. *Brown*, 11 *Ga. App.* 493 (75 S. E. 826); *Kirbo* v. *Southern Railway Co.*, 16 *Ga. App.* 49 (84 S. E. 491); s. c. 18 *Ga. App.* 187 (89 S. E. 179); *A. C. L. Railroad Co.* v. *Kennedy*, 20 *Ga. App.* 238 (3-a) (92 S. E. 973); Potomac &c. R. R. Co. *v.* Chichester, 111 Va. 152 (2) (68 S. E. 404). In Tuttle *v.* Detroit &c. Railway, 122 U. S. 189, 194 (7 Sup. Ct. 1166, 30 L. ed. 1114), it was said: "We have carefully read the evidence presented by the bill of exceptions; and although it appears that the curve was a very sharp one at the place where the accident happened, yet we do not think that public policy requires the courts to lay down any rule of law to restrict a railroad company as to the curves it shall use in its freight depots and yards, where the safety of passengers and the public is not involved; much less that it should be left to the varying and uncertain opinions of juries to determine such an engineering question. . . The interest of railroad companies themselves is so strongly in

favor of easy curves as a means of facilitating the movement of their cars, that it may well be left to the discretion of their officers and engineers in what manner to .construct them for the proper transaction of their business in yards, &c. It must be a very extraordinary case, indeed, in which their discretion in this matter should be interfered with in determining their obligations to their employees. The brakemen and others employed to work in such situations must decide for themselves whether they will encounter the hazards incidental thereto; and if they decide to do so, they must be content to assume the risks." See also N. & W. Ry. Co. v. Cromer, 101 Va. 667 (44 S. E. 898); Boyd v. Harris, 176 Pa. 484 (35 Atl. 222); C. & E. I. R. Co. v. Driscoll, 176 Ill. 330 (52 N. E. 921, 923); Bethlehem Iron Co. v. Weiss, 100 Fed. 45, 50.

Furthermore, so far as the petition discloses, the plaintiff was as well aware of the condition of the curve. and slope as was the defendant. In *Stewart* v. *Seaboard Air-Line Ry.*, 115 *Ga.* 624 (41 S. E. 981), the plaintiff, after a push-car had been taken up a steep track to be loaded with timber on a hill near the railroad shops, was returning with a loaded truck down the incline and was hurt when the truck ran away or got out of his control. He alleged as negligence that the master furnished defective appliances and an unsafe place in which to work. The court said: "But even if it be conceded that there was evidence showing that the track was improperly constructed, this defect was patent and visible, and the plaintiff, after the opportunities afforded him by more than a year's service of observing the defects in these tracks, would not be permitted to complain of the character of the place at which he was put to work, when the defects, if any existed, were patent. and visible every day while he labored for the defendant." Since the only purported wrong done the plaintiff was the failure of the defendant to furnish him a properly designed, located, and constructed side-track in connection with his duties as conductor, and, under the authorities above cited, he assumed the risks of employment with respect to such construction and use, there was not even an imperfect cause of action set forth in the original petition, not the "least amount of substance," and nothing to amend by. It follows that the court erred in allowing the amendment over the objections of the defendant, one ground of which was that there was nothing to amend by. But this error was cured by the court in

sustaining the defendant's demurrer to the petition as amended, which demurrer attacked not only the original petition on the ground that it set forth no cause of action, but also the amendment on the ground that it was not permissible because there was nothing to amend by, and for the further reason that it was an attempt to engraft upon the original petition a cause of action entirely separate and distinct from that attempted in the petition. We have already ruled that the petition did not set up even an imperfect cause of action, that there was nothing to amend by, and that the amendment was erroneously allowed; and for the reasons shown the court did not err in sustaining the demurrer to the petition as amended.

It might be added that in addition to the amendment not being allowable because in the original petition there was not the least substance of a cause of· action, it was objectionable for the further reason advanced by the defendant that it was an attempt to set up a cause of action entirely separate and distinct from that attempted in the original petition. As stated above, the wrong the plaintiff complained of was the violation of an alleged right to be furnished, in connection with his duties as an employee, a properly designed, located, and constructed side-track. It was alleged that the track had too sharp a curve and too steep an incline, which caused the flat car on which he was riding to be derailed, and that this constituted negligence on the part of the defendant, proximately causing his injuries. In the amendment an entirely new wrong is relied on, namely, the alleged negligence of a fellow servant, the engineer, in failing to·observe the plaintiff's signal *after the derailment had occurred;* and it is there alleged that *this* negligence was the proximate cause of the plaintiff's injuries. *Davis* v. *Muscogee Mfg. Co.,* 106 *Ga.* 126 (32 S. E. 30), determines exactly the question here involved. In that case the original petition sought to set up a cause of action based on the negligence of fellow servants of the plaintiff; and not even an imperfect cause of action was declared on. In the amendment the plaintiff attempted to set up a cause of action based on the negligence of the defendant in not providing proper machinery; and it was held that the amendment made a case which was in no way connected with the allegations contained in the original petition. The only difference between that case and the present is that the subject-matters of the petition and of the

amendment are in reverse order, the petition in the present case declaring upon the failure to provide a proper side-track and the amendment declaring upon the alleged negligence of a fellow servant. See also *Shepherd* v. *Southern Pine Co.,* 118 *Ga.* 292 (2) (45 S. E. 220) ; *Moyer* v. *Ramsey-Brisbane Stone Co.,* 119 *Ga.* 734 (46 S. E. 844). In *Simmons* v. *Beatty,* 57 *Ga. App.* 350, 354 (195 S. E. 289), after an examination of the *Ellison* and *Anglin* cases, supra, the test of the allowance of an amendment was summarized as follows : " Of course, it is fundamental that the proposed amendment must be germane to and not inconsistent with the original cause of action. Now, to test the amendment in the present case : Does it supply facts· which evince the wrong which was evidently originally intended to be declared upon as against the defendant Simmons ? Does what is offered in the amendment 'rightly belong to the cause of action' which the original petition asserted perfectly or imperfectly ? Is it germane to and not inconsistent therewith ? Is it 'part and parcel of the same cause ?' Is it 'descriptive of the same wrong pleaded in the original petition' and 'does not plead any other or different wrong ?'" For the reasons above shown the answer to each of the foregoing test questions must be in the negative, and consequently it must be said that the proposed amendment was not properly allowable.

Furthermore, aside from the objection. that an amendment adding a new cause of action is not allowable, this amendment does not in fact set up any actionable negligence on the part of the defendant through its engineer. It is sought to show negligence by reason of the fact that he did not heed the signal of the plaintiff and stop the train after the derailment had occurred ; but construing the allegations most strongly against the pleader, as must be done on general demurrer, it does not appear that the engineer saw the signal or in the exercise of ordinary care could have seen it in the situation occupied by him, or that he failed to stop the train as soon as he could after he actually saw the signal or became aware of the derailment of the flat car on the other end of the train. The original petition not setting forth a cause of action, and the amendment not being allowable, the court did not err in finally sustaining the demurrer to the petition as amended and in dismissing the case.

Because of the above ruling, which sets the case at an end, it is

222

unnecessary to pass on the cross-bill of exceptions, and the same is dismissed.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Felton, J., concurs. Stephens, P. J., concurs specially.*

STEPHENS, P. J., concurring specially. I concur in the judgment of affirmance, solely on the ground that the petition as amended failed to set out a cause of action, and that the judge did not err in sustaining the demurrer. I do not commit myself to the proposition that the original petition was not amendable by the amendment which was offered and allowed. I concur in the judgment dismissing the cross-bill of exceptions.