27834. LIVINGSTON *v.* SCHNEER'S ATLANTA INC. *et al.*

DECIDED FEBRUARY 7, 1940.

*William A. Thomas,* for plaintiff. *Ellis McClelland,* for defendant.

GUERRY, J. John R. Livingston brought an action in three counts against Schneer's Atlanta Inc. (a jeweler), George Kanter, and J. M. Gottlieb, its employees, jointly and severally, charging malicious prosecution, malicious arrest, and false imprisonment. It was alleged in each count that Kanter and Gottlieb acted in conspiracy as to themselves and their employer, and within the scope of their employment. Additionally to the allegations as to injuries and damages, the allegations of fact in counts 1 and 2 were substantially the same. Livingston lawfully parked the car of another jeweler, bearing his advertisement on the tire cover, partially in front of Schneer's Atlanta Inc., on Whitehall Street, in the City of Atlanta. Kanter immediately and vehemently demanded removal of the car, while Gottlieb a few minutes later began to tear away the other jeweler's advertisement. Both employees then returned to the store. About fifteen minutes later Kanter returned to the scene with two officers of the city; both Kanter and Gottlieb directed them to arrest, detain, and make a case against the plaintiff. Pursuant to these directions the officers arrested and detained the plaintiff, and afterwards issued and served on him a summons. They then released him. The summons directed that he appear before the recorder's court of the city on a charge of parking overtime. Upon trial the plaintiff was acquitted. It was alleged that the prosecution was without probable cause, and had terminated in favor of the plaintiff; that the arrest was malicious and without probable cause; and that the proceeding under which the arrest was made had terminated. As to count 3, the facts alleged were substantially the same, save that the plaintiff stated that he had been arrested and detained for one hour when he was served with the summons and released. In this connection we quote from the allegations of count 3: "That pursuant to and in obedience to said direction and instruction on the part of said Kanter and Gott-

lieb, given by them maliciously, . . said officers Smith and Mc-Garity did, although against petitioner's will, arrest and detain the body of petitioner for a period of more than an hour; . . his arrest and detention was unlawful, no warrant had issued for his arrest, he was not in the act of committing any crime, he was not escaping or attempting to escape, and no circumstances existed whereby justice would be defeated but for his arrest and imprisonment; . . a case of illegal parking was finally made against him after he had been arrested and detained for a period of one hour, . . but upon the hearing of said illegal parking case it was dismissed." None of the counts pleaded any ordinance of the city which it was claimed the plaintiff violated. General demurrers were interposed as to each count. These were sustained and the action was dismissed. The plaintiff excepted.

The count for malicious prosecution merely charges that the defendants instructed the policemen to arrest the plaintiff. It does not appear that the defendants swore out any warrant or took any action or proceeding before a judicial officer, nor does it appear that the facts stated by the defendants to the policemen and on which they directed the officers to arrest the plaintiff constituted any crime against any State law. or any pleaded ordinance of the city. See *Cary* v. *Highland Bakery Inc.,* 50 *Ga. App.* 553 (179 S. E. 197). The court will not take judicial notice of a municipal ordinance that is not pleaded. Under the law of this State, an arrest under a warrant which does not charge a violation of a penal statute will not support an action for malicious prosecution. *Collum* v. *Turner,* 102 *Ga.* 534 (27 S. E. 680) ; *Alexander* v. *West,* 6 *Ga. App.* 72 (64 S. E. 288) ; *Pye* v. *Gillis,* 9 *Ga. App.* 397 (71 S. E. 594). In *Satilla Mfg. Co.* v. *Cason,* 98 *Ga.* 14, (2) (25 S. E. 909, 58 Am. St. R. 287), the court said: "In order to be the basis of an action for a malicious prosecution, the proceeding complained of must at least bear some resemblance to a process authorized by law, under which the person or property of the defendant therein might be lawfully arrested or seized. Accordingly, where an affidavit was made and a warrant for the arrest of another was issued thereon, and it affirmatively appeared on the face of both the affidavit and the warrant, not only that no offense whatever against the criminal laws of this State was charged, but also that no substantive element of any criminal offense was stated, such warrant was

absolutely void, and an arrest upon it, while constituting false imprisonment, would not authorize the bringing of an action for a malicious prosecution." No ordinance of the City of Atlanta was pleaded. Conceding, but not deciding, that a prosecution may be begun as here alleged, the facts alleged in counts 1 and 2 would not serve as the basis of a valid prosecution if incorporated in a warrant or other proceeding. Under the decisions above quoted, the court properly sustained the demurrers to these counts. Count 2, being an action for malicious arrest, was, under the principles stated in *Waters* v. *Winn,* 142 *Ga.* 138 (82 S. E. 537, L. R. A. 1915A, 601, Ann. Cas. 1915D, 1248), subject to the same demurrer.

Count 3 was a proceeding for false imprisonment, under the Code, § 105-901. It charged that the defendants, without swearing out any warrant or taking any other proceeding, procured, directed, and instructed certain police officers to arrest and detain the plaintiff; that he was not then nor had he been violating any law, State or municipal, nor was he attempting to escape; that after his arrest by the policemen he was taken into custody and restrained of his liberty; and that he was afterwards charged with illegal parking, but was acquitted after a trial. Such allegations set out a cause of action. "To arrest one illegally and detain him for any length of time is a criminal offense. . . It is likewise a tort for which an action for damages will lie. . . If the imprisonment be the act of several persons, they may be sued jointly or severally. . . In this State an arrest for a misdemeanor, without a warrant, is illegal, unless the crime was committed in the presence of the officer, or the offender is endeavoring to escape, or, for some other reason, there is likely to be a failure of justice." *Holliday* v. *Coleman,* 12 *Ga. App.* 779, 780 (78 S. E. 482). See also *Duckett* v. *Ozmer,* 48 *Ga. App.* 41 (172 S. E. 118); *Ducros* v. *Peoples Drug Store,* 21 *Ga. App.* 634 (94 S. E. 897). The court erred in sustaining the demurrer to count 3 of the petition.

*Judgment affirmed in part and reversed in part. Broyles, C. J., and MacIntyre, J., concur.*