32453.   JOHNSON *et al. v.* YOUNG.

Decided May 18, 1949.

278

*William A. Thomas*, for plaintiffs.

*Gambrell, Harlan & Barwick, James C. Hill*, for defendant.

GARDNER, J. ▮ The plaintiffs in error contend that since a suit might be brought in the Civil Court of Fulton County by a summons, as may be done in a justice of the peace court, the court erred in sustaining the demurrer for this reason. Even in a justice's court a plaintiff is required to set up the facts relied upon with some certainty. See *Vaughan* v. *McDaniel*, 73 *Ga.* 97; *Peeples* v. *Strickland*, 101 *Ga.* 829, 831 (29 S. E. 22). The plaintiff is thus required to set forth his cause of action "with some degree of certainty." The plaintiffs in the instant original petition undertook to set out, and we think they did, the entire ground of their complaint. In doing so they showed affirmatively that they had no cause of action. This being true, the petition, even though it could have been brought in a less full form, being brought in full form, was subject to be dismissed on general demurrer. See *Bush* v. *Addison*, 40 *Ga. App.* 799 (1) (151 S. E. 526), and citations therein. In headnote 1 of that opinion this court held: "While the law does not require that a suitor in a justice's court shall set forth his cause of action with the same strictness and formality that may be necessary in a court of record, yet where the plaintiff in a justice's court attaches to the summons a petition in which he undertakes to set forth his entire grounds of complaint, and the statement therein fails to show a cause of action, it is not error for the magistrate to sustain a general demurrer and dismiss the petition." See also *Grahn Construction Co.* v. *Pridgen*, 49 *Ga. App.* 720, 721 (176 S. E. 656).

▮ The allegations of the original petition affirmatively show

the action to be one for the breach of an executory contract to buy and sell realty. It was in writing. The allegations show that the deed was executed pursuant to this contract. Therefore any actionable terms of the contract were merged into the written deed by operation of law. It thus follows that, since no provisions of the deed were breached, the petition set out no cause of action. The Supreme Court in *Keiley* v. *Citizen Savings Bank &c. Co.,* 173 *Ga.* 11 (1) (159 S. E. 527), said: "Where in a contract for the sale of land the parties executed a preliminary sales contract and subsequently reduced the contract to a finality evidenced by deed, the terms of the preliminary contract were merged into the deed, and terms or conditions or recitals contained in the preliminary sales contract which are not included in the deed will be considered as eliminated, abandoned, or discarded.. In such case, where it is not shown that the purchaser could not or did not observe such omission, he will not be permitted to treat the contract as valid and binding, and at the same time recover damages because of the fact that the statements contained in the sales contract, but not in the deed, were untrue. The court in this case properly sustained a demurrer to that portion of the answer seeking a recovery from the vendor, based upon the allegation such as just stated." That case seems to be on all fours with the original petition filed in the instant case. To the same effect see *Augusta Land Co.* v. *Augusta Ry. &c. Co.* 140 *Ga.* 519 (79 S. E. 138); *Taylor* v. *Board of Trustees, etc.,* 185 *Ga.* 61 (194 S. E. 169); *Loftis* v. *Clay,* 164 *Ga.* 845 (139 S. E. 668); *Ingram* v. *Smith,* 62 *Ga. App.* 335 (3) (7 S. E. 2d, 922); *Smith* v. *White,* 75 *Ga. App.* 303 (48 S. E. 2d, 275). The decisions, including the ones from which we quoted, with the citations in them, are sufficient to show that the original petition, based upon the breach of the sales contract and not upon a breach of the provisions of the deed, set out no cause of action. There are many other decisions to the same effect.

■ Accordingly, since the original petition stated no cause of action, there was nothing by which to amend, and the court did not err in striking the amendment to the petition, where the plaintiffs sought to recover one-half of the cost of erecting the line fence, based upon what was alleged to be an oral contract after the deed was executed and a ratification by the defendant

in the erection of the line fence after the deed was executed. This is a correct procedure under all of the appellate decisions so far as we have been able to ascertain. When the plaintiffs attempted to do so, they set out a new and distinct cause of action. This is true since the petition as originally brought was for the breach of the provisions of the original executory contract of sale, which was merged by operation of law into the deed. It follows that the amendment in the second count set up a new and distinct cause of action. This principle is discussed fully in the case of *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691 (13 S. E. 809). The petition in the instant case did not seek to enlarge upon the substance alleged in the original petition, but the amendment sought to set out an entirely new substance and therefore an entirely new cause of action. In the *Ellison* case, page 708, the court said: "The contents of the amendment as compared with what is already in the declaration may tend to show, either that the plaintiff is endeavoring to follow up a cause of action, or supposed cause, which he had in view when the declaration was prepared and filed, or, that having since discovered that no such cause exists or is maintainable, he has concluded to shift his ground and bring in surreptitiously a new and distinct cause of action in violation of one of the limitations upon his right to amend. . . And to render the amendment offered admissible, it must contain not merely the quantity and general quality of matter requisite to fill out the declaration, but its matter must be the residue of the identical cause of action of which a part is already described in the declaration." Then again at page 711 of that opinion the court said: "If the original design of the pleader, carried out in full, would embrace no cause of action, the declaration is not amendable." It will be observed that the original design of the pleader was alleged in full and it shows that no cause of action was set out. It was, therefore, not permissable under the law for the plaintiffs to set out a new and distinct cause of action as proposed by his amendment, adding count 2 as set out above. See, in this connection, *Simmons* v. *Beatty*, 57 *Ga. App.* 350, 354 (195 S. E. 289), and *McKay* v. *Atlanta Birmingham &c. R. Co.*, 60 *Ga. App.* 212 (3 S. E. 2d, 456), and citations therein. Those cases from this court discuss interestingly the principle of law involved in the

discussion before us and as laid down in the *Ellison* case, supra, and as codified from the *Ellison* case in the Code, § 81-1301. See also, in this connection, *Shepherd* v. *Southern Pine Co.*, 118 *Ga.* 292 (45 S. E. 220). The legal rule is clear that a plaintiff may not introduce an entirely new cause of action by an amendment even though the amendment be designated as a new count. In this connection, see *Charleston & Western Carolina Ry. Co.* v. *Lyons*, 5 *Ga. App.* 668 (63 S. E. 862); *Latine* v. *Clements*, 3 *Ga.* 426; *Maxwell* v. *Harrison*, 8 *Ga.* 61 (52 Am. D. 385); *Andrews* v. *Pogue*, 62 *Ga.* 176; *Jones* v. *Robinson*, 172 *Ga.* 746 (158 S. E. 752); *Dundee Woolen Mills* v. *Edison,* `17 *Ga. App.* 245 (86 S. E. 414).

■ Counsel for the plaintiffs argues at length the principle that a petition between the same parties may contain as many counts as there are causes of action of a similar nature in favor of a plaintiff against a defendant—that is to say, causes of action ex contractu and ex delicto. There is no dispute but that this contention is a clear principle of the law of procedure. See, in this connection, *Cooper* v. *Robert Portner Brewing Co.*, 112 *Ga.* 894 (38 S. E. 91), wherein the court said: "While it is permissible for the plaintiff to embrace in his petition as many different counts as he may see proper, provided all of the counts set forth causes of action of similar nature, that is, all ex delicto or all ex contractu, each count must set forth a perfect cause of action." In this connection it is enthusiastically argued by counsel for the plaintiffs that a petition may embrace two or more separate counts stating different accounts of the manner in which that cause of action may be proven. This principle of the law of procedure is permissible so as to meet any anticipated variation in the proof which may be submitted at the trial. In such a petition the striking of one of the counts on the ground that no cause of action is stated therein will not be a bar to a prosecution upon another count in the petition. In this connection, see *Gainesville & Dahlonega Electric Ry. Co.* v. *Austin*, 127 *Ga.* 120 (56 S. E. 254). See also *Hay* v. *Collins* 118 *Ga.* 243 (2) (44 S. E. 1002); *Livingston* v. *Schneer's Atlanta Inc.*, 61 *Ga. App.* 637 (7 S. E. 2d, 190). Counsel for the plaintiff in citing the *Livingston* case, supra, quotes a portion of the opinion of the court to this effect: "The court properly sustained the demurrer to counts

1 and 2 of the petition, but erred in sustaining the demurrer to count 3." Counsel goes on then to state that count 3 was added by amendment and was not setting up a new cause of action. The opinion in that case does not show that count 3 was added by amendment. In the very beginning of the opinion the court states: "Livingston brought an action in 3 counts . . " We construe this to mean that the petition when filed contained 3 counts. It is not in the opinion to the contrary. Even if it should be, as counsel contends, that count 3 was added by amendment, it nowhere appears in that opinion, as it does in the instant case, that objection was made to the amendment setting up the third count for the reason that it set for a new and distinct cause of action inconsistent with the allegations of counts 1 and 2. It is thus easily discerned that the cases to which references are made by counsel for the plaintiffs show no legal reason for reversing the judgment in the instant case.

■ Much has been said, both in the briefs and in the oral arguments of counsel for both sides, in regard to the proper construction of the ruling in *Laslie* v *Gragg Lumber Co.*, 184 *Ga.* 794 (193 S. E. 763, 113 A. L. R. 932); counsel for the plaintiffs contending that that case is authority to the effect that the judgment of the court in the instant case should be reversed, and counsel for the defendant taking the contrary position. In that case Laslie, a resident of Georgia, sued Gragg Lumber Company, a partnership, the members of which resided in Georgia, seeking to recover the value of the manufactured product, timber, which the defendants had cut from lands of the plaintiff, which lands were situated in the State of Florida, and for general relief to prevent further cutting of the timber of the plaintiff by the defendants. The defendants then filed demurrers both general and special. Thereupon, to meet certain statements of the special demurrer, the plaintiff filed amendments. Thereafter, the plaintiff filed a final amendment. In substance in this last amendment, the plaintiff renounced his allegations of trespass upon which he originally relied and alleged in the amendment that he was basing his cause of action upon conversion of the timber which had been severed from the land. There was no objection on the part of the plaintiff to the allowance of this amendment, which changed the cause of action from one of trespass to one

of conversion. The trial court sustained the general demurrer, not passing on the special demurrer, and dismissed the petition. The case was brought to the Supreme Court by the plaintiff, assigning error on the judgment of the court in sustaining the general demurrer and dismissing the petition. The Supreme Court, in a divided opinion, in passing upon the case, stated that the original petition set out no cause of action for the reason that the plaintiff in a court of equity can not maintain his suit to enjoin a trespass on land situated in the State of Florida, although the defendants reside in the State of Georgia. The court, in an unanimous opinion, further held that the plaintiff may sue the defendants residing in Georgia for damages for conversion (instead of trespass), although the property converted be timber unlawfully cut from lands in Florida. The Supreme Court held that the trial court was correct in dismissing the petition on demurrer to the suit as originally brought, but that, since there was no objection on the part of the defendants to the amendment changing the action from one of trespass to one of conversion, although a new and distinct cause of action was set up in such a manner, the court erred in sustaining the renewed demurrer to the petition as amended and in dismissing the case. So it is that, where a petition sets out no cause of action in substance as originally filed, but later a new and distinct cause of action is set up by amendment without objection at the proper time, the case should not be dismissed on general demurrer but may be prosecuted by the plaintiff on such an amendment allowed without objection. In the instant case, if the defendants had not objected to the allowance of the amendment relying upon an oral contract by amendment—which was a new and distinct cause of action—the instant case might have appeared in a different legal light. In the instant case, the original petition, as did the original petition in *Laslie* v. *Gragg Lumber Co.*, supra, set out no cause of action. This being so, an amendment setting up a new and distinct cause of action is not permissible, provided proper objections are duly made to the allowance of the amendment. In the *Laslie* case no proper objection was made to the amendment and it withstood. In the instant case the amendment setting up a new and distinct cause of action was

288

allowed subject to objections and demurrer, as the record reveals. The defendant did two things: registered objections to the allowance of the amendment, and renewed the demurrers both general and special. The trial court's judgment so states. The court did not err in sustaining the objections to the amendment adding a new and distinct cause of action. There is no merit in this contention of the plaintiff.

There are two other contentions of the plaintiffs which we will discuss together. The first complains of the court's refusal to pass upon the demurrers of the plaintiffs to the answer; and the second, of the refusal to allow the third amendment of the plaintiffs, which amendment was offered after the court had signed an order dismissing the case. Neither of these contentions is tenable and needs, we think, any further elaboration and citation of authority.

The Appellate Division of the Civil Court of Fulton County did not err in affirming the judgment of the trial judge and dismissing the petition on general demurrer.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J. concur.*