## MILLER *vs.* McGLAUN.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

A verbal agreement that a creek shall be the line between two adjoining proprietors of land, made not with a view to settle any dispute in respect to what is the true original line between the two lots, but to set up a totally different and independent line, with no occupancy of the part in dispute, either by enclosure or clearing, cannot be set up so as to affect a subsequent purchaser without notice of such agreement, who takes a deed with no description but the original lines.

Title. Deeds. Contracts. Before Judge CRAWFORD. Chattahoochee Superior Court. March Term, 1879.

Reported in the opinion.

BLANDFORD & GARRARD; J. F. POU, for plaintiff in error.

PEABODY & BRANNON, for defendants.

JACKSON, Justice.

McGlaun sued Miller for some twenty-five acres of land which lay north of a certain creek, but was part of lot of land number 206, in the 32d district of Chattahoochee county. The plaintiff showed written title to 206, and the defendant to 211, an adjoining lot lying north of 206. A creek cut the two lots diagonally into two parts, leaving part of 206 north of the creek and part of 211 south of it. The defendant, Miller, offered to show that the owner of the two lots in 1853, being in possession of both, sold the north half of 206 to his brother, through whom the plaintiff derived title, and that it was then agreed between the brothers that the creek should be the line; it was carried into execution and remained so for four years while the brothers held the two places: and when the north half of 206 was sold by the brother so holding it to one Webb, through whom also the plaintiff held title, it was agreed that the creek should be the line. There was nothing in

either or any deed going to show such line, and the land in dispute was never enclosed or cleared, being swamp, until defendant cleared it in 1877. The deeds called for the dividing line of the two lots without more.

The court ruled the parol proof inadmissable, and the defendant excepted.

If there had been any dispute on the point where the true dividing line of the two lots ran, and by agreement of the coterminous owners thereof a line had been fixed on as such true line, whether the creek or any other, it cannot be doubted that the parties could do so by verbal agreement, and such agreed line would bind subsequent holders under either, and that proof thereof could be made in parol; but where there is no dispute, and never was any in respect to the true line between the lots, and the deeds called for that line, and the plaintiff's written title covered soil up to that line, and defendant's written title covered the soil only up to the same line, not a line agreed upon by any body or in dispute as to location between any parties, but the original line between the lots, then we think that to convey land above or below such true original line so as to bind purchasers without any notice, or any enclosure or cultivation thereof, would require written conveyance under the statute of frauds, and the proof of the verbal agreement by parol was properly excluded. The plaintiff owned and held lot 206 up to its boundary, and to divest his title thereto a grant must be shown in writing by some of his grantors, and a verbal agreement, not as to where the line of his deed truly ran, or in compromise or settlement of a dispute about *that line*, but to make a new and totally different line than that described in his deed, cannot be enforced against him. The case in 17 *Ga.*, 141, does not militate against the above ruling, but rather confirms what is here decided.

See also 1 Greenleaf, 145 ; 7 *Ga.*, 228 ; 24 Pick., 71, cited by counsel for defendant in error, and 11 Mass., 296 ; 19 Wis., 210, cited by plaintiff.

Judgment affirmed.