### TAYLOR *v.* BOARD OF TRUSTEES OF GLENLOCK PUBLIC SCHOOL.

GRICE, Justice. 1. No matter what the oral agreement was as to where the dividing line between the two properties was to be, it was merged into the subsequent deeds, became functus officio when the deeds were executed, and the rights of the parties are based alone upon the descriptions contained in the deeds. Compare *Loftis* v. *Clay,* 164 *Ga.* 845, 848 (139 S. E. 668); *Keiley* v. *Citizens Savings Bank & Trust Co.,* 173 *Ga.* 11, 16 (159 S. E. 527); *Kennedy* v. *Kennedy,* 183 *Ga.* 432, 440 (188 S. E. 722, 109 A. L. R. 1143).

2. The rule that a parol agreement between owners of coterminous properties that a certain line is the true dividing line is valid and binding if the agreement is accompanied by possession to the agreed line, or is otherwise duly executed, and if the boundary line between the two tracts is indefinite, unascertained, or disputed, has no application to a state of facts in which at the time of the parol agreement there was no disputed line to be agreed upon. *Miller* v. *McGlaun,* 63 *Ga.* 435. The instant case does not deal with an oral agreement between parties who already own adjoining tracts, and who are in disagreement as to the dividing line between them. The parol agreement here involved can not be binding, because it was not made to settle any dispute with respect to the true line.

3. The only basis for the ruling that such an agreement is not within the statute of frauds is that in instances where it is applicable it does not operate as a conveyance of land, but merely as an agreement with respect to what has already been conveyed. *Farr* v. *Woolfolk*, 118 *Ga.* 277 (45 S. E. 230). In the instant case it was not an agreement with respect to land that had already been conveyed, for the deeds were made subsequently to the alleged agreement.
4. The charge of the trial judge was not in all respects in harmony with 'the foregoing views, and grounds two and four of the amendment to the motion require the grant of a new trial.

*Judgment reversed. All the Justices concur.*

No. 11913. November 27, 1937.

*Wyatt & Morgan,* for plaintiff in error.
*J. J. Reese* and *J. L. Smith,* contra.