## SMITH *v.* LANIER *et al.*

No. 15793.   APRIL 17, 1947.

G. H. Mingledorff, for plaintiff.

H. J. Quincey and D. C. Sapp, for defendants.

WYATT, Justice. (After stating the foregoing facts.) ■ On the previous appearance of this case (Smith v. Lanier, supra), this court held: "The undisputed evidence showed that there was no unascertained, uncertain, or disputed line between coterminous landowners. The evidence shows that, when a division of the property was undertaken between the heirs, the defendant, Mrs. Lanier, was dissatisfied with the portion of the land she received; and that, in order to satisfy her, a new and distinct line was established and her boundary extended in order to give her an additional strip of land. Therefore, since it is necessary in order to establish a dividing line between coterminous landowners by parol agreement alone that there shall be a line which is unascer-

tained, uncertain, or disputed *(Taylor* v. *Board of Glenlock Public School,* 185 *Ga.* 61, 194 S. E. 169; *Miller* v. *McGlaun,* 63 *Ga.* 435.); the direction of a verdict for the defendants was not warranted on the theory that a dividing line had been established by parol agreement. Moreover, 'the only basis for the ruling that such an agreement is not within the statute of frauds is that in instances where it is applicable it does not operate as a conveyance of land, but merely as an agreement with respect to what has already been conveyed. *Farr* v. *Woolfolk,* 118 *Ga.* 277 (45 S. E. 230). In the instant case it was not an agreement with respect to land that had already been conveyed, for the deeds were made subsequently to the alleged agreement.' *Taylor* v. *Board of Glenlock Public School,* supra."

As already stated, the evidence on the second trial was similar to that introduced on the first; and there was no evidence adduced on the second trial tending to show the establishment of an unascertained, uncertain, or disputed dividing line by parol agreement. Accordingly, it was error, requiring the grant of a new trial, for the trial court to charge the jury as follows: "An unascertained, disputed boundary may be established by parol agreement accompanied by possession. Such agreement is not within the statute of frauds. Such agreement is binding on the grantees of such parties or coterminous owners."

■ The defendant testified that, prior to the execution of deeds effectuating a division of the estate of her deceased husband, her stepson measured off the 210-foot strip of land in dispute and agreed for her to have this land in addition to that awarded her by parties who had been selected to make a division of the estate; that the attorney who prepared the deeds was informed that this additional tract was to be conveyed to the defendant; but that through a mistake this land was excluded from the description contained in the deed made by the stepchildren to the defendant and was included in the deed made by the defendant to the stepchildren. Counsel for the plaintiff made the following objections to this evidence: "We move to strike out all of the testimony of Mrs. W. J. Lanier to the effect that there was a mistake in connection with the execution of the deed from her to J. L. Sapp Jr. and Ruth, and from J. L. Sapp Jr. and Ruth back to her, for the reason that it is oral testimony which seeks to vary the

terms of a written contract, and there is no plea to the effect that there has been a mistake, and the evidence is not admissible; it is prejudicial, and there is nothing to base it upon, and it varies the terms of the written contracts which have been introduced in evidence. . . Your Honor, we desire to renew our motion to rule out all of the testimony of Mrs. W. J. Lanier with reference to a mistake in the deeds which were made between her and J. L. Sapp Jr. and Ruth Sapp, for the reason that there is no plea of mistake, and no action has been brought to reform those deeds, and that evidence is oral testimony which seeks to vary and contradict the terms of the written deeds."

The trial court erred in not sustaining these objections. Admittedly, the land in dispute was included in the description contained in the deed executed by Mrs. Lanier to her stepchildren and was not included in the deed executed by the stepchildren to her. As was pointed out in the previous decision in this case, the defendant has not sought reformation of the deeds. Since the description in each deed received by the respective parties is unambiguous, "extrinsic evidence can not be resorted to except for the purpose of reforming the deed so as to make it express the real intention of the parties and correct a mutual mistake of fact." *Miller* v. *Rackley,* 199 *Ga.* 370, 375 (34 S. E. 2d, 438), and cit.; *O'Neal* v. *Ward,* 148 *Ga.* 62 (3) (95 S. E. 709). "All such oral negotiations and expressions as to intention were merged in" the deed, "and without reformation can not be shown for the purpose of contradicting its terms. While extrinsic evidence may in a proper case be admitted for the purpose of applying a description to subject-matter, it is not competent to show that there was an oral agreement between the grantor and grantee in a deed of conveyance, made prior to or contemporaneously with its execution, fixing metes and bounds different from those specifically set forth in the deed itself." *Stewart* v. *Latimer,* 197 *Ga.* 735 (2), 744 (30 S. E. 2d, 633).

■ The trial court erred in charging the jury as follows: "Gentlemen of the Jury, there is no dispute as to the title of the coterminous landowners, but the dispute is as to where the dividing line is dividing the property of the plaintiff and the defendant, Mrs. Lanier."

While there are certain types of cases in which a charge to this

effect would be appropriate, under the facts developed by the evidence in this case the charge was not accurate and was calculated to mislead the jury. This is an action in ejectment for the recovery of a definitely described strip of land. Admittedly the plaintiff holds a deed to the property in dispute; the defendant does not, but relies upon a parol conveyance of the land prior to the execution of her deed, an alleged mistake in the execution of conveyances, and seven-years' acquiescence in the line established by parol negotiations prior to the execution of deeds. On the previous appearance of the case, it was held that the rule with reference to the establishment of a dividing line by acquiescence was not involved, because the defendant, under the evidence then adduced, relied upon a parol gift of the land in dispute and the evidence was insufficient to establish such a parol gift.

It is apparent that, on the second trial, the defendant sought to meet the former ruling with reference to acquiescence by founding her claim of acquiescence on a parol conveyance of the disputed land (instead of a parol gift) for a valuable consideration. Counsel for the defendant now urge that the evidence showed such a conveyance, and frankly make this statement: "According to the evidence in this case as it was tried the second time, we believe that it stands or falls on the proposition that there was acquiescence for over seven years by the adjacent landowners."

Under the facts disclosed by the record, the rule with reference to the establishment of a divisional line by acquiescence is not involved. Acquiescence can not be founded on parol negotiations, fixing a boundary line, preceding the execution of a deed, where the subsequent deed fixes a different boundary line. Such parol negotiations are merged in the deed; and if the description contained in the deed is insufficient to embrace the land up to the line fixed by such parol negotiations, and in fact fixes a different line, acquiescence will not operate to create title in the grantee up to the line attempted to be fixed by parol agreement. As stated in *Veal* v. *Barber,* 197 *Ga.* 555, 563 (30 S. E. 2d, 252), "The acquiescence rule in the Code section [85-1602] will in no case create or establish title; but where *a proved title, by a fair construction,* will embrace the lands up to the line established by acquiescence, then under this section title comes from the source

proved, and the acquiescence fixes the dividing line." (Emphasis ours.) To apply the principle of acquiescence under the facts disclosed here would not be to fix lines between coterminous owners, but would give title to land by parol. This can not be done. *Shahan* v. *Watkins,* 194 *Ga.* 164 (4), 168 (21 S. E. 2d, 58). On the previous appearance of this case, it was stated that acquiescence might establish a divisional line although there was no indefinite, unascertained, or disputed line; but this language should not be taken to mean that acquiescence will establish a divisional line, in disregard of definite boundaries fixed by deeds, and thus operate to create title to lands not embraced, by a fair construction, within the description in the deeds. This is not such a case as one involving coterminous owners whose respective deeds describe their properties as being bounded on the disputed side merely by lands of the other coterminous owner. In such a case a previously established divisional line, though not disputed or uncertain, might be changed by acquiescence evidenced by acts or declarations of the coterminous owners and their privies for a period of seven years; *but still* the lands of the respective owners, as fixed by the new line, would be embraced within the descriptions contained in their respective deeds.

Counsel for the parties do not argue, and it is unnecessary for us to consider, any question as to notice (Code, §§ 85-408, 37-115; *Toms* v. *Knighton,* 199 *Ga.* 858, 36 S. E. 2d, 315) ; but we might observe that ordinarily proof of notice will avail nothing unless a party can couple such proof of notice with proof of a right, title, equity, claim, or interest in the land in controversy; and the difficulty the defendant faces in this case is proof of any equity or title whatever without seeking a reformation of the deeds. If, as contended by the defendant, by virtue of a mutual mistake the disputed lands were omitted from her conveyance and included in the deeds executed by her. reformation might be had, with proper parties before the court *(Miller* v. *Rackley,* supra) ; but without seeking reformation she can not rely upon parol negotiations prior to the execution of deeds; and acquiescence will not save her.

Other special grounds of the amended motion are either controlled by the preceding rulings or appear to be without merit.

*Judgment reversed. All the Justices concur.*