HICKS *v.* SMITH *et al.*

No. 16610. JUNE 15, 1949. REHEARING DENIED JULY 14, 1949.

616

*Maddox & Maddox,* for plaintiff.

*Thomas J. Espy Jr.* and *A. A. Farrar,* for defendants.

WYATT, Justice. Under the rather vague allegations of the petition, it would appear that the plaintiff claims to have purchased certain property, but in the deed of purchase a described tract of 22.6 acres was omitted from the description. The plaintiff seeks to recover this 22.6-acre tract, which it is alleged lies

east of Robert Street, under the theory of the establishment of a disputed boundary by a parol agreement between adjoining land-owners; alleging, after the petition was amended, that prior to the purchase the plaintiff and an agent of the sellers "went to the lands belonging to the defendants and the lines surrounding the property proposed to be sold to petitioner were actually pointed out to him by the said Farrar and Downey, and im-mediately after the execution of the said deed that he went to said lands in company with the said Farrar and Downey, and they actually staked out on the ground the location of the proposed extension of Robert Street and the east boundary line of the lands sold to petitioner." Failing a recovery on the theory of the establishment of a boundary line, the plaintiff seeks ref-ormation of the deed.

The allegations of the petition are insufficient to show the es-tablishment of a disputed boundary line, because (1) the aver-ments of the petition show that the alleged oral agreement was a contemporaneous agreement between the purchaser and seller at the time of sale; and (2) the petition fails to show that the agree-ment related to an indefinite, unascertained, or disputed line be-tween coterminous landowners. While the petition alleges that the line was staked out "immediately after" the deed was exe-cuted, the petition further discloses that the line had, prior to the execution of the deed, been agreed upon; and the staking out of this same line was clearly a part of the same transaction. Ac-cordingly, if an agreement as to a line "immediately after" the execution of a deed might ever be considered valid, upon the theory that it was between coterminous landowners, an agree-ment such as the present one could be considered nothing more than a contemporaneous agreement.

As stated in *Taylor* v. *Board of Trustees of Glenlock Public School,* 185 *Ga.* 61 (194 S. E. 169): "No matter what the oral agreement was as to where the dividing line between the two properties was to be, it was merged into the subsequent deeds, became functus officio when the deeds were executed, and the rights of the parties are based alone upon the descriptions con-tained in the deeds. Compare *Loftis* v. *Clay,* 164 *Ga.* 845, 848 (139 S. E. 668); *Keiley* v. *Citizens Savings Bank & Trust Co.,* 173 *Ga.* 11, 16 (159 S. E. 527); *Kennedy* v. *Kennedy,* 183 *Ga.*

432, 440 (188 S. E. 722, 109 A. L. R. 1143). The rule that a parol agreement between owners of coterminous properties that a certain line is the true dividing line is valid and binding if the agreement is accompanied by possession to the agreed line, or is otherwise duly executed, and if the boundary line between the two tracts is indefinite, unascertained, or disputed, has no application to a state of facts in which at the time of the parol agreement there was no disputed line to be agreed upon. *Miller* v. *McGlaun*, 63 *Ga.* 435. The instant case does not deal with an oral agreement between parties who already own adjoining tracts, and who are in disagreement as to the dividing line between them. The parol agreement here involved cannot be binding, because it was not made to settle any dispute with respect to the true line."

Since the oral agreement as to the boundary was merged in the deed, any right or claim that the parties may have with respect to the omitted tract would depend on reformation. *Kennedy* v. *Kennedy*, 183 *Ga.* 432 (supra) ; *Taylor* v. *Board of Trustees of Glenlock Public School*, supra. Such reformation being necessary, any question as to notice (Code, §§ 85-408, 37-115) is not involved, for "ordinarily proof of notice will avail nothing unless a party can couple such proof of notice with proof of a right, title, equity, claim, or interest in the land in controversy; and the difficulty the [plaintiff] faces in this case is proof of any equity or title whatever without seeking a reformation of the deeds." *Smith* v. *Lanier*, 202 *Ga.* 165, 170 (42 S. E. 2d, 495).

The petition is wholly insufficient as one seeking reformation, for the reason that the petition does not attempt to allege that there was any mutual mistake of the parties in the execution of the deed; nor does it allege that there was fraud on the part of one party and a mistake on the part of the other.

For the foregoing reasons, the petition set forth no cause of action; and the trial judge did not err in sustaining a general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*