27943. GAUKER v. EUBANKS.

ARGUED MAY 15, 1973 — DECIDED SEPTEMBER 6, 1973.

*Lester & Lester, James L. Lester,* for appellant.
*Lanier, Powell, Cooper & Cooper, Roger W. Dunaway, Jr.,* for appellee.

GRICE, Presiding Justice. This appeal is from a judgment granting the appellee's motion for summary judgment and vesting him with fee simple title to described land. The judgment resulted from a quia timet proceeding instituted by the appellee Shelton M. Eubanks against the appellant Margaret Gauker in the Superior Court of Richmond County.

The tract of land involved fronts 75 feet on a street and extends back 98.8 feet in depth, but only 16 feet of the depth is in controversy here. The controlling issue is whether the tract extends from the right-of-way of the street or from the southern edge of the pavement of the street as it existed in 1947.

The petition alleged that the appellee had fee simple title to the described parcel of land located in Richmond

County; that he was the contiguous property owner of the appellant, who claimed a 16-foot portion located along the rear property line of the appellee; and that due to this adverse claim the appellee was being denied the use, enjoyment and possession of his property. The prayers were that a special master be appointed to make a determination of the respective interests of the parties in the property.

The report of findings of the special master was essentially that which follows.

On September 24, 1947, Haywood W. Storey conveyed to the appellant property essentially described as "beginning at a point 98 feet and 8 inches *from the Southern edge of the pavement of Milledgeville Road* on the West side of Wheeless Road and extending thence along said Wheeless Road a distance of 200 feet, more or less, to the waters of Rocky Creek." (Emphasis supplied.)

On February 9, 1948, Storey conveyed to Ambrose J. Schweers by a security deed property essentially described as "located on the Southwest corner of the intersection of Milledgeville Road and Wheeless Road. . . *fronting on Milledgeville Road* a distance of 75 feet, more or less, and extending back between parallel lines a distance of 98.8 feet. " (Emphasis supplied.)

On November 3, 1948, Schweers conveyed to himself the property described in the aforementioned security deed of February 9, 1948, pursuant to Storey's default and the foreclosure sale.

On February 28, 1949, Storey and the appellant (formerly Margaret O'Connell Storey) conveyed to Schweers property essentially described as "located on the Southwest corner of the intersection of Milledgeville Road and Wheeless Road . . . *fronting on said Milledgeville Road* 75 feet, more or less, and extending back between parallel lines 98.8 feet." (Emphasis supplied.)

On June 29, 1949, Schweers conveyed to J. F. Poole and

Rubye Mae Poole property essentially described as "located on the Southwest corner of the intersection of Milledgeville Road and Wheeless Road . . . *fronting on said Milledgeville Road* 75 feet, more or less, and extending back between parallel lines 98 feet, more or less." (Emphasis supplied.)

On January 11, 1950, the Pooles conveyed to the appellee property essentially described as "located on the Southwest corner of the intersection of Milledgeville Road and Wheeless Road . . . *fronting on said Milledgeville Road* 75 feet more or less, and extending back between parallel lines 98.8 feet, more or less." (Emphasis supplied.)

The special master also found, pursuant to stipulation, that on September 24, 1947, and to the present time Milledgeville Road was and is a 50-foot right-of-way.

The special master found and recommended to the court that the appellant had divested herself of all right, title and interest in and to the 16-foot by 75-foot strip of land in question here and that the appellee was vested with a fee simple title thereto.

On April 7, 1972, the same day the report of the special master was filed, it was made the order of the trial court.

Thereupon, the appellant filed an exception to the report of the special master, alleging in substance that the special master had overlooked an error in the description of the 1949 deed from her and her former husband to Schweers.

The appellant urged by amendment that the special master had also overlooked that a dispute arose between the parties concerning the location of the property line in 1964; that in 1970 the appellee built a concrete block retaining wall along what she contended was the true property line; and that the appellee had thereby acquiesced for more than seven years and established what she claimed was the correct property line.

She also demanded a trial by jury.

The appellee filed a motion for summary judgment upon the ground that there was no genuine issue as to any material fact and that he was entitled to judgment as a matter of law.

The appellant filed affidavits in response, reiterating the facts alleged in her amended exception, and by another amendment sought to raise the defense of laches.

After a hearing the trial court granted the appellee's motion for summary judgment and ordered that he be vested with fee simple title to the property described above.

Upon appeal Mrs. Gauker contends that there are issues of fact, to wit: a mistake in the description of the 1949 deed, adverse possession, acquiescence and laches, which were overlooked by the trial court, and that it therefore erroneously granted the appellee's motion for summary judgment.

■ We first deal with the contention of the appellant that there was a mistake in the description of the 1949 deed from her and Storey to Schweers.

For a mistake to have been a defense in this regard it must have been common to all the parties to the transaction; or it must have been induced by the fraud or concealment of the other party. See *Scurry v. Cook,* 206 Ga. 876 (59 SE2d 351).

Here, however, the appellant alleged only that *she* was mistaken as to what the deed contained. There was no allegation whatever of a mutual mistake of the parties or of any fraud, misrepresentation or concealment of fact.

Furthermore, it is well established that "The mistake of the parties to a deed can not be rectified to the injury of an innocent third party who has parted with his money or extended credit on the faith of the deed . . .", as the appellee did here. *Malette v. Wright,* 120 Ga. 735, 742 (48 SE 229).

Also, if the deed did not properly describe the property the appellant intended to convey, it was her duty to read

it and discover this before she signed it. See *Whitfield v. Whitfield,* 204 Ga. 64 (1) (48 SE2d 852). Thus she is not entitled to the defense that she did not know the contents and nature of the deed (*Sutton v. McMillan,* 213 Ga. 90 (2) (97 SE2d 139)); nor can she introduce extrinsic evidence to show that her intention was other than what the deed indicated (*Smith v. Lanier,* 202 Ga. 165 (2) (42 SE2d 495)).

This enumeration, for either of the foregoing reasons, is therefore without merit.

■ The next point contended by the appellant to raise questions of fact to be determined by a jury is that she obtained title to the strip of land in question by adverse possession.

The appellant relies upon the case of *Thompson v. Fouts,* 203 Ga. 522 (2) (47 SE2d 571). It, however, states as follows: " 'Adverse possession is usually a mixed question of law and fact — whether the facts exist which constitute adverse possession, is for the *jury* to judge. Whether, assuming the facts proven to be true, they constitute adverse possession, is for the *court* to decide.' *Paxon v. Bailey & Park,* 17 Ga. 600." (Emphasis supplied.)

The important factor here, however, is that the appellant is claiming adversely to *her own deed* — the 1949 deed executed jointly by her and Storey to Schweers. Thus this contention is controlled by the rule established in *Malette v. Wright,* 120 Ga. 735, supra.

In that case the court, at page 741, stated as follows: "It will be remembered that the alleged adverse possession was that of the grantor. The provisions of the Civil Code, § 3931 [present Code § 85-408] can have no application to the case of a party who is endeavoring to avail himself of such possession in the face of his own warranty deed, spread on the record, as against an innocent purchaser for value and without notice. Such a possession remaining with the grantor and never surrendered is to be deemed to be held under his grantee, and is not adverse to his

title. *Jay v. Whelchel,* 78 Ga. 789." See also, *Rimes v. Floyd,* 168 Ga. 426 (148 SE 86); *Stepp v. Stepp,* 195 Ga. 595 (5) (25 SE2d 6).

Thus, the appellee became an innocent purchaser for value without notice of the appellant's claim in 1950 when he purchased the property from the Pooles. The dispute first arose between him and the appellant during May of 1964 after he erected a fence in April of 1963. The earliest possible notice he could have had that the appellant was claiming adversely to her warranty deed was in April of 1963, at which point the 20 years adverse possession would have begun to run.

It is therefore clear that there was no question of fact as to adverse possession to be presented to a jury under the facts here.

■ The appellant also urges that another factor which requires the submission to a jury is the acquiescence by the appellee in the location of the boundary line as claimed by her for more than seven years. She bases this upon the fact set forth in her supplemental affidavit that both parties had surveys made of the property in question, and that fences were constructed in 1963 and 1970.

This contention is likewise not meritorious.

The principle set forth in Code § 85-1602, that "ac-. quiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line," is not applicable here.

The appellee filed a petition in quia timet under the Quiet Title Act of 1966 (Ga. L. 1966, p. 443; Code Ann. § 37-1411 et seq.), which provides for proceedings in rem to establish title or remove clouds from title. Therefore this is not a suit to "establish a dividing line," as contemplated by Code § 85-1602, supra.

This court stated in *Shahan v. Watkins,* 194 Ga. 164 (4) (21 SE2d 58) as follows: "The principle that a boundary line between adjoining landowners may be established by

consent is not applicable in a case where one claiming to be an adjoining landowner has no independent title, but must rely on such consent to show title. To apply the principle in such a case would amount to a parol transfer of title to land."

Here the appellant had no independent source of title, since she conveyed the disputed strip of property to the appellee's predecessor in title in 1949. Her claim of acquiescence for a period of more than seven years is therefore nothing more than an attempt to establish title in her to this property.

But the acquiescence rule in Code § 85-1602 cannot be used to establish title. *Veal v. Barber,* 197 Ga. 555, 563 (30 SE2d 252); *Smith v. Lanier,* 202 Ga. 165, 169, supra.

Furthermore, acquiescence will not "establish a divisional line, in disregard of definite boundaries fixed by deeds, and thus operate to create title to lands not embraced, by a fair construction, within the description in the deeds." *Smith v. Lanier,* 202 Ga. 165, 170, supra.

Here the boundary line between the appellant and the appellee was easily ascertainable by measuring back 98.8 feet from the right-of-way of Milledgeville Road. The line claimed by the appellant could not be within the description contained in her deed since she had conveyed away the strip of land in 1949. *Kerce v. Bell,* 208 Ga. 131, 136 (65 SE2d 592).

For these reasons the trial court properly considered the question of acquiescence as one of law since no questions of fact were left for determination by a jury.

■ The final argument urged by the appellant is that the appellee was guilty of laches in waiting from January of 1950 to December of 1971 to enforce his rights to the disputed strip of land.

This contention cannot be sustained for two reasons.

First, it was not properly raised in the trial court.

The defense of laches must be specifically pled in the responsive pleadings before it can be considered. Ga. L.

1967, pp. 226, 230 (Code Ann. § 81A-108 (c)). The appellant first raised this defense in an amendment filed on November 20, 1972, more than six months after the findings of the special master had been filed and made the order of the court. The amendment was filed without the permission of the trial court or the written consent of the appellee.

Therefore, it was not in accordance with Code Ann. § 81A-115 (a) (Ga. L. 1972, pp. 689, 694), which provides in pertinent part that "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Although there was no pre-trial order entered in this case, in our view the order making the special master's findings of fact the judgment of the court is an even more significant event after which to require the leave of court or consent of the adverse party to file an amendment.

Furthermore, the amendment here was not one to make the pleadings conform with the evidence, which is expressly allowed after final judgment by Code Ann. § 81A-115 (b). See in this connection, *Buffington v. Nalley Discount Co.,* 117 Ga. App. 820 (162 SE2d 212).

In the second place, even if the amendment was properly before the court, the appellant's contention could not be sustained because Code § 37-119 provides that "Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right."

This court has also stated that "There is no fixed time in which a person shall assert his claim or be barred by laches. Laches is not a matter of time but a question of inequity founded on a change in conditions. *Cooper v. Aycock,* 199 Ga. 667 (34 SE2d 895)." *Whitfield v. Whitfield,* 204 Ga. 64, 67, supra.

The appellant here did not show how the ascertainment of truth was more difficult when the appellee instituted his action than it was in 1963 or 1964, when he first received notice that she was claiming adversely to her own deed, or that there had been an inequitable change in conditions. Therefore, the doctrine of laches is inapplicable as a matter of law. There is no jury question.

For the foregoing reasons the trial court properly granted the appellee's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*