## 51613. C & G CANDLER, INC. et al. v. GEORGIA POWER COMPANY.

STOLZ, Judge.

The appellant, a real estate development corporation, was desirous of developing certain property in DeKalb County. One of the pieces of property in the desired location was owned by the appellee and utilized by it as a power substation site. This particular parcel was located in the middle of the parking lot of the proposed development. The appellant's agent contacted the appellee to determine if the appellee would trade its substation site for land in the vicinity owned by the appellant. On February 16, 1968, the appellee's vice president wrote the appellant's president, agreeing to the proposal subject to certain conditions, one of which was the payment of $50,000 at the closing of the transaction. The appellant's president accepted the offer, but modified the time of payment to "such time as all equipment and fences now installed at the present substation site is [sic] removed by the Georgia Power Company." The transfer of the two parcels of real estate occurred on August 15, 1969, on which date the appellee was given an irrevocable license to use the property it sold for substation purposes until February 1, 1970. Prior to this date, the appellant's president wrote the appellee's vice president, setting forth a list of the projects under construction on an all-electric basis, and stated the hope that these would cause consideration to be given to his request "to eliminate the $50,000 payment connected with the lot swap on Candler Road." The appellee did not reply to this correspondence. The power substation was relocated in February, 1970,

but the $50,000 was not paid. The appellee filed suit. At the trial of the case, the trial judge granted the appellee's motion for directed verdict in the amount of the suit ($50,000), plus interest and costs.

1. The appellant enumerates as error the grant of the appellee's motion for directed verdict and denial of its similar motion. The appellant contends that all antecedent agreements were merged at the closing upon the execution and delivery of the deeds to the respective parcels by the parties. See *Keiley v. Citizens Savings Bank &c. Co.,* 173 Ga. 11 (159 SE 527) (1931); *Carr v. Augusta Grocery Co.,* 183 Ga. 346 (188 SE 531) (1936); *Stoneycypher v. Ga. Power Co.,* 183 Ga. 498 (189 SE 13) (1936); *Rigdon v. Barfield,* 194 Ga. 77 (20 SE2d 587) (1942); *Ingram v. Smith,* 62 Ga. App. 335 (7 SE2d 922) (1940); *Smith v. White,* 75 Ga. App. 303 (43 SE2d 275) (1947); *Johnson v. Young,* 79 Ga. App. 276 (53 SE2d 559) (1949); *Amos v. McDonald,* 123 Ga. App. 509 (181 SE2d 515) (1971); Ga. Real Estate Law, § 19-145, p. 675 (1971).

However, it is well settled that where a collateral agreement not mentioned in the deed is shown to exist and the facts of the transaction show the parties intend for the agreement to survive the execution and delivery of the deed, merger does not occur. *McKee v. Cartledge,* 79 Ga. App. 629, 631 (4) (54 SE2d 665); *Knight v. Hedden,* 112 Ga. App. 847 (146 SE2d 556); *Little v. Merck,* 124 Ga. App. 73, 75 (183 SE2d 234) and cits.

A review of the record conclusively shows (1) that the appellant negotiated for the payment of $50,000 to be made upon removal of the substation from the development site; (2) that removal of the substation could not begin until *after* closing the land transfer; (3) that the appellant's president recognized the $50,000 obligation prior to closing by seeking to negotiate its removal; (4) that the appellant's officers and agents recognized that their efforts to obviate the $50,000 payment were not agreed to by the appellee; and (5) that the appellant gave the appellee an irrevocable license to operate the substation, after the closing, until February 1, 1970. Clearly, duties and obligations remained to be performed by the parties subsequent to the closing. The evidence did not reveal any conflict as to intent. The appellant knew of

the appellee's complete performance of the contract, the transfer of realty and the removal of the substation. It also knew that the appellee had not waived the $50,000 payment. There was no issue of fact for determination by the jury. The trial judge correctly denied the appellant's motion for directed verdict, and properly granted that of the appellee.

2. The appellant's remaining enumerations of error are without merit and require no discussion.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED JANUARY 12, 1976 — DECIDED MARCH 8, 1976 — REHEARING DENIED MARCH 31, 1976.

*Stack & O'Brien, Joseph R. Manning, Barry B. McGough,* for appellants.

*Troutman, Sanders, Lockerman & Ashmore, Michael C. Murphy, Kirk Quillian,* for appellee.