## 52864. SAN JOI, INC. v. PEEK et al.

QUILLIAN, Presiding Judge.

Plaintiff appeals from the grant of two motions for summary judgment for defendants. The owner of 1123 Gordon Street, Dr. Whiteman, conveyed it to defendant Peek as trustee. Peek executed a contract to sell the property to plaintiff, including "existing interior equipment not presently encumbered." Located within the building at 1123 Gordon Street was the personal medical equipment of Dr. Whiteman. Plaintiff was not specifically aware of the presence of such equipment at the time of the signing of the contract of sale on May 14, 1974. An inventory of the building's contents was taken by plaintiff on June 30, 1974. However, in "late June" of 1974, prior to the closing, Dr. Burge had been in Dr. Whiteman's clinic and was shown the medical equipment by defendant Simpson. On July 3, 1974, defendant executed a deed conveying 1123 Gordon Street to plaintiff. Dr. Burge purchased the medical equipment and picked it up on or about July 7, before plaintiff took possession of the premises.

Defendant, a lawyer, stated that he told the plaintiff's real estate agent that he held title to the realty only and not to any personal property. The realty agent

for plaintiff testified in a deposition, as follows: "Q. So. . . it was Mr. Peek's suggestion that all the equipment be included in the sale? A. Well, I wouldn't say it was his suggestion. . . In offering the property for sale for the owner he simply was offering the whole — the building and the equipment as is. They had no further need for it. . . We had this discussion of asking Mr. Peek what items were encumbered. . . There was no question as far as the equipment; but Dr. Brown did want to know what equipment was encumbered so he would be knowing what to expect to be left there. . . We were told then. . . I don't think there was over one or two items. . . Q. Did [Mr. Peek] indicate to you that he had the authority to sell the equipment? A. Yes." After discovering the inventoried items of medical equipment were missing, plaintiff brought this action to recover their market value. *Held:*

The general rule regarding the merger of the contract for the sale of realty into the executed deed has long been settled law. "Where in a contract for the sale of land the parties executed a preliminary sales contract and subsequently reduced the contract to a finality evidenced by deed, the terms of the preliminary contract were merged into the deed, and terms or conditions or recitals contained in the preliminary sales contract which are not included in the deed will be considered as eliminated, abandoned, or discarded." *Keiley v. Citizens Savings Bank &c. Co.,* 173 Ga. 11 (1) (159 SE 527); *Hicks v. Smith,* 205 Ga. 614, 617 (54 SE2d 407); *Smith v. White,* 75 Ga. App. 303, 306 (43 SE2d 275); *Johnson v. Young,* 79 Ga. App. 276 (2) (53 SE2d 559).

Pindar, in his excellent treatise on Georgia Real Estate Law, discusses these holdings and argues that "[t]oo broad a statement of the rule leads easily to error and injustice. . . But if the prior contract obligates the grantor to perform three acts, one of which is the making and delivery of a deed, why should the mere acceptance of the deed be a waiver of the grantee's right to demand performance of the other two obligations?. . . The converse principle was restored to its full dignity by [*McKee v. Cartledge,* 79 Ga. App. 629, 631 (54 SE2d 665)], holding that where the deed constitutes only a part performance of

the preceding contract, other distinct and unperformed provisions of the contract are not merged in it." Id. §§ 19-145, 19-146.

*McKee* has generated adherence to its concept that where delivery of the deed is intended only to be part performance, the remaining contractual acts survive the execution of the deed. "This exception. . . rests in a particular case on a determination from all the facts and circumstances as to whether the parties intended a survival of such agreements or stipulations." *Pollock v. Morris Hyles Const. Co.,* 114 Ga. App. 455, 456 (151 SE2d 840). Accord, *Kollen v. High Point Forest, Inc.,* 104 Ga. App. 713, 715 (123 SE2d 10); *Knight v. Hedden,* 112 Ga. App. 847 (146 SE2d 556); *Little v. Merck,* 124 Ga. App. 73, 75 (183 SE2d 234).

"Whether or not the parties intended a survival of previous agreements and stipulations depends on all of the facts and circumstances of a particular case. The question of intention of the parties regarding survival is for the jury." *Cullens v. Woodruff,* 137 Ga. App. 262 (1) (223 SE2d 293). Accord, *Pollock v. Morris Hyles Const. Co.,* supra. See also *C & G Candler, Inc. v. Ga. Power Co.,* 138 Ga. App. 279, 280 (226 SE2d 87).

In the instant case the parties used the term "equipment not presently encumbered." Defendant Peek is a lawyer. Plaintiff is a realty agent. If they had intended only to convey the realty, the term "fixtures" is the accepted terminology if there is any doubt as to whether personalty affixed to the realty is to be transferred. Code §§ 85-105, 85-201. Thus, by using the term "equipment" rather than "fixtures" they could have intended to convey more than realty. The issue of the intent of the parties, both as to what was meant by the word "equipment," and that of survivability of that clause in the sales contract, is for the determination of the fact finder, and there being a conflict as to the evidence on intent of the parties, it was error to grant summary judgment. *Cullens v. Woodruff,* 137 Ga. App. 262 (1), supra; West Paterson Sand &c. Co. v. Great Notch Corp., 107 N. J. L. 309 (153 A 592); Annots. 38 ALR2d 1313, 52 ALR2d 648.

*Judgment reversed. Marshall and McMurray, JJ., concur.*

ARGUED OCTOBER 12, 1976 — DECIDED NOVEMBER 10, 1976.

*Arrington & Rubin, Joseph M. Winter, S. Richard Rubin,* for appellant.
*Peek & Whaley, J. Corbett Peek, Jr., William H. Whaley,* for appellees.