55616. BURKETT et al. v. HATCH et al.

WEBB, Judge.

Appellants, Mr. and Mrs. A. L. Burkett, purchased a lot in Hazelhurst described as "fronting on Williams Street for a distance of 128 feet, more or less. . . Said property is bound. . . [on the] South by lands of Robert Hatch." This suit was brought against the Hatches to establish title to an additional strip of land approximately 16 feet wide lying between the Burketts' deeded footage and the actual footage to the Hatches' northern boundary, for damages, and to enjoin future trespass.

The Hatches contended that the strip of land in issue was a public alley, and two witnesses testified from their personal knowledge that it had been so used. The Burketts asserted that the land had never been used as an alley, and the entire tract was theirs. Presenting evidence that the two lots had shared a common fenced boundary for at least 40 years and that this boundary had been

accepted by previous coterminous landowners, they based their claim of title upon the theories of either adverse possession or long acquiescence in the boundary.

The trial court determined from the evidence presented that the only issue before it was ownership of the disputed property, and that the answer to this rested solely on whether or not it had ever been used as an alley. This issue was given to the jury for a special verdict, which found that the property had been used as an alley, and the trial court ruled that the property should be divided equally between the abutting landowners.

On appeal, the Burketts maintain that the trial court erred in refusing over objection to charge on adverse possession and long acquiescence, in submitting the special verdict to the jury, and in failing to grant a new trial therefor.

1. It is clear from the record that there was no conflict as to the location of the Hatches' northern boundary line and that the dispute was over the location of the Burketts' southern boundary. Thus the plaintiffs were claiming adversely to their own deed in attempting to establish title in the disputed strip of land. "But the acquiescence rule in Code § 85-1602 cannot be used to establish title. [Cits.] Furthermore, acquiescence will not 'establish a divisional line, in disregard of definite boundaries fixed by deeds, and thus operate to create title to lands not embraced, by a fair construction, within the description in the deeds.' *Smith v. Lanier,* 202 Ga. 165, 170 [42 SE2d 495]." *Gauker v. Eubanks,* 230 Ga. 893, 899 (3) (199 SE2d 771) (1973). Accordingly, a charge on acquiescence was inapplicable here.

2. "While prescription does not run against a municipality as to land which it holds for the benefit of the public [cits.] — it is nonetheless true that 'an easement may be lost by abandonment, or forfeited by nonuser, if the abandonment or nonuser shall continue for a term sufficient to raise the presumption of release or abandonment.' Code § 85-1403." *Hames v. City of Marietta,* 212 Ga. 331, 332 (5) (92 SE2d 534) (1956). The Burketts neither alleged nor presented a case for adverse possession following abandonment, and their requested instruction made no reference to prescription following

abandonment. The Hatches never contended that the land belonged to them, only that the alley belonged to the city. Therefore, under no situation was a charge on adverse possession appropriate, necessary or required.

3. The trial judge correctly submitted the special verdict to the jury as to whether or not the disputed property was ever an alley, since no other issues were raised by the pleadings or the evidence. Although the evidence conclusively showed that at the time of trial the alley had in fact been abandoned and no longer served a public need, it was not sufficient to establish a specific date of abandonment by the city. "If the street be abandoned by the public, prima facie, the reversion would be in the owners of the abutting lots. . ." *Bayard v. Hargrove,* 45 Ga. 343 (1872). Upon the jury's determination that there had been an alley, the trial court properly ruled as a matter of law that the alley was now abandoned and should be equally divided between the parties.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED APRIL 5, 1978 — DECIDED APRIL 25, 1978 — REHEARING DENIED MAY 12, 1978 —

*Herschel B. Herrington,* for appellants.
*Mimbs & Elder, J. Harold Mimbs,* for appellees.