0891

Curtis WALKER, Jr., John H. Cromer, Jr., C. Richard Denton, Mrs. Robert Allen, Hovey Allen, Lillian B. Allen, W. D. Stewart, Dewey Oliver, James Good, Bruce Palmer, and Horace Childers, Appellants v. Bobby D. HARRIS and Janice Harris, Respondents.

(354 S. E. (2d) 56)

Court of Appeals

*Thomas F. Babb*, Laurens, *for appellants.*

*Thomas H. White, IV*, Union, *for respondents.*

Heard Jan. 28, 1987.

Decided March 2, 1987.

GOOLSBY, Judge:

This is an action to quiet title brought by the appellants Curtis Walker, Jr., John H. Cromer, Jr., C. Richard Denton, Mrs. Robert Allen, Hovey Allen, Lillian B. Allen, W. D. Stewart, Dewey Oliver, James Good, Bruce Palmer, and Horace Childers against the respondents Bobby D. Harris and Janice Harris. The appellants appeal from an order barring them from any right or claim to certain property lying within a former railroad right of way. The issues are whether parol evidence is admissible to vary the terms of certain deeds and whether the appellants established title to the property within the railroad right of way by adverse possession. We affirm.

Mary Emma Foster owned and subdivided a large tract of land in Union County, South Carolina. Foster granted Southern Railway Company a 100 foot right of way that ran through the subdivision. The right of way extended from the center line of the tracks to 50 feet on either side. In November 1946, J. B. Christopher, a registered land surveyor, surveyed the subdivision for Foster and prepared a subdivision plat from his survey. Foster recorded the plat in the Office of the Clerk of Court of Union County the same month.

Sometime after recording the plat, Foster began auctioning lots in the subdivision. All deeds conveying lots from the subdivision crave reference to the Christopher plat and contain specific language describing the lots as being "bounded by the railroad right of way." The plat clearly shows the back lot lines terminating at the edge of the railroad right of way.

In 1977, Southern Railway removed its tracks and abandoned the right of way. The appellants began clearing off the right of way and using it. Foster died and the land passed to her heirs. In September 1984, Foster's heirs executed a quit claim deed purporting to convey to the Harrises the land within the old right of way. The Harrises duly recorded their deed.

The appellants then commenced this action alleging that the Harrises' deed cast a cloud upon their respective titles to the property within the former railroad right of way. According to the complaint, "the terms of sale announced at the auction were that the lots adjoining the railroad right of way (which was then existing and being used by Southern Railway) were sold to the center line of said railroad right of way subject to the railway easement."

In their first cause of action, the appellants claim that the purchasers and their successors in interest relied upon these representations and entered the lots as owners to the center line of the railroad. In the second cause of action, the appellants claim title to the disputed property by way of adverse possession. The appellants do not seek reformation of the deeds.

## I.

The appellants offered testimony indicating that the lots adjoining the right of way extended to the center of the railroad tracks. The trial judge excluded the testimony, holding that the description of the property conveyed by the deeds is clear and unambiguous and that parol evidence was inadmissible to modify their terms. He thereupon dismissed the appellants' first cause of action. The appellants contend, however, that parol evidence is admissible to show mistake.

It is well settled that parol evidence is inadmissible to vary the terms of an unambiguous written instrument, except in the case of fraud, accident, or mistake. *Smith v. Du Rant*, 236 S. C. 80, 113 S. E. (2d) 349 (1960). "[P]arol testimony might be given in evidence, to explain the situation of land, contrary to the face of the deed; *if it is evident from the nature of the thing itself*, that there is a mistake in the deed, as where north is mentioned for south; or south for north, et vice versa, &c." [Emphasis added.] *White v. Eagan*, 1 S.C.L. (1 Bay) 247 (1792).

In the instant case, it is not "evident from the nature of the thing itself" that the deed descriptions contain a mistake. The descriptions are plain and contain no obvious misstatement. They show no obvious error or omission in the property conveyed and they are sufficient to identify the property involved.

We also note the appellants' complaint does not pray for reformation and that the action was, as we mentioned, one to quiet title. Where reformation of a deed is not sought and the description of the property transferred is unambiguous, parol evidence as to mistake in the description is not admissible. *Alcorn v. Linke*, 257 Iowa 630, 133 N.W. (2d) 89 (1965); *Smith v. Lanier*, 202 Ga. 165, 42 S. E. (2d) 495 (1947); 3 S. GARD, JONES ON EVIDENCE § 16:4 at 86 (1972).

The appellants contend that the description conveying the lots was ambiguous and that parol testimony should have been allowed to explain the ambiguity. In support of their argument, the appellants rely on *Boney v. Cornwell*, 117 S. C. 426, 109 S. E. 271 (1921).

In *Boney*, the Supreme Court held that, where a deed calls for "a road as a boundary," the conveyance includes the land to the center of the right of way. 117 S. C. at 435, 109 S. E. at 274. The description of the deed at issue in *Boney* read in part, "bounded on the ... east by C.C. & A.R.R. ...." 117 S. C. at 432, 109 S. E. at 273.

In this case, the description of the property conveyed by each deed is clear and unambiguous, particularly when, as they must, the language used and the plat are viewed together. The description does not refer to a "railroad" but to a "right of way." Further, the plat depicts each lot as adjoining the right of way. The plat in no way suggests that the back line of each lot goes to the center of the railroad.

The trial judge, therefore, properly excluded the parol evidence that the appellants sought to introduce. *See Shuler v. Williams*, 112 S. C. 349, 99 S. E. 819 (1919) (where the deed shows with exactness and certainty the land conveyed, it cannot be varied by parol evidence); *cf. Richardson v. Register*, 227 S. C. 81, 87 S. E. (2d) 40 (1955) (parol evidence is admissible to elucidate latent ambiguities in written instruments).

## II.

The appellants next contend that they are entitled to the disputed land by way of adverse possession. We agree with the trial judge that the appellants failed to establish the necessary elements of adverse possession.

In South Carolina, a party claiming title by adverse possession must show that his possession of the subject property has been actual, open, notorious, continuous, hostile, and exclusive. *Kirkland v. Cross*, 286 S. C. 193, 332 S. E. (2d) 546 (Ct. App. 1985). Here, none of the appellants proved that their possession of the property was hostile, either as to the railroad or as to Foster.

Concerning the railroad, the appellants' use of a portion of the right of way was not hostile because, as the testimony shows, their use thereof either was with the express permission of the railroad or involved only a portion of the right of way and did not interfere with the railroad's use of the right of way. *Grant v. Grant*, 288 S. C. 86, 340 S. E. (2d) 791 (Ct. App. 1986) (where claimant commenced occupation with permission of owner, his possession was not hostile); *Smith v. Southern Railway-Carolina Division*, 237 S. C. 597, 601, 118 S. E. (2d) 440, 441 (1961) ("[T]he use of a portion of a right of way by an individual which does not interfere with the use of the way for railroad purposes is presumptively permissive.") Furthermore, none of the appellants offered evidence of a refusal of any demand by the railroad that he or she terminate his or her particular use of the right of way. *Id.* (the mere enclosure of a part of a right of way forms no basis for a claim of hostile possession; but a refusal of a demand to remove a substantial fence from a railroad right of way is sufficient to put the railroad on notice of an assertion of hostile possession).

Concerning Foster, the appellants' use of the property was not hostile because, as the testimony also shows, their use thereof was under a mistaken belief that Foster had conveyed title to their lots to the center of the right of way. *See Brown v. Clemens*, 287 S. C. 328, 331, 338 S. E. (2d) 338, 339 (1985) ("[A] claim of adverse possession fails where an encroaching neighbor is under a mistaken belief as to boundary location and therefore lacks intention to dispossess the true owner.").

Accordingly the judgment is

Affirmed.

SANDERS, C.J., and CURETON, J., concur.