A02A0980. J. ANDREW LUNSFORD PROPERTIES, LLC et al.
v. DAVIS et al.
(572 SE2d 682)

ANDREWS, Presiding Judge.

J. Andrew Lunsford Properties, LLC (Lunsford) sold a house and lot to Melodie Copeland located in Watson's Ridge subdivision, a Lunsford development. Lunsford claims a stipulation in the sales contract gave it a contractual right to a portion of the lot sold to Copeland for the purpose of establishing a road right-of-way across one side of the lot, and that this portion of the lot was mistakenly conveyed to Copeland at the closing. After attempts by Lunsford and Copeland to negotiate a post-closing agreement to reconvey this portion of the lot failed, Copeland sold the portion of the lot at issue to other nearby landowners, John and Diane Davis. Lunsford[1] sued Copeland for breach of the sales contract and fraud related to the post-closing agreement, and sued Copeland and the Davises for fraudulent conveyance, tortious interference with business relations and contract, and sought the award of attorney fees and punitive damages. Lunsford appeals from the grant of summary judgment to Copeland and the Davises on all of these claims. For the following reasons, we affirm.

The sales contract provided that Lunsford was to sell Copeland all of the property known as lot 8 in Watson's Ridge subdivision, along with the Lunsford-built house located thereon, as described in a plat of the subdivision recorded in the Gwinnett County property

---

[1] J. Andrew Lunsford, individually, the sole owner of Lunsford, LLC, was also a named plaintiff in the suit.

records. The recorded plat showed no road right-of-way across lot 8 but did show a retention pond which occupied an area on the northern side of lot 8 and the southern side of adjoining lot 7. A stipulation attached to the contract prepared by Lunsford's real estate agent provided that "[a]ll parties to this contract acknowledge that this will be a corner lot when the expansion of Watson Ridge is begun. The area that is the retention pond will be deeded prior to closing for this road. Seller will provide buyer with a copy of the new lot dimensions when available." Both Lunsford and Copeland understood that this stipulation related to Lunsford's desire to cut a road across the northern side of lot 8 and the southern side of lot 7 for access to a new subdivision Lunsford intended to build adjacent to Watson's Ridge. Accordingly, the stipulation provided that, prior to the closing, Lunsford would by deed reserve to itself the northern portion of lot 8 described in the stipulation and that, at the closing, Lunsford would convey lot 8 to Copeland absent the reserved area with new, smaller dimensions as a corner lot bordered by a newly created road right-of-way.

The provisions in the stipulation, however, were not accomplished prior to the closing. Mr. Lunsford testified at his deposition that the portion of lot 8 at issue was not reserved by deed prior to the closing, nor did he provide Copeland with new lot dimensions. Instead, at the closing, Lunsford deeded the entire lot 8 to Copeland as described in the original recorded plat of the subdivision, including the portion referred to in the stipulation. Mr. Lunsford, who attended the closing, said he did not read the deed at the closing and was not aware that all of lot 8 was deeded to Copeland. A couple of months after the closing, Lunsford discovered that Copeland had title to all of lot 8. Lunsford did not attempt to reform the deed based on mutual mistake, but instead attempted to negotiate a new agreement with Copeland whereby Copeland would agree to convey the portion of lot 8 at issue to Lunsford, and cooperate in obtaining the release of the portion of the lot from a debt deed Copeland gave at closing, if Lunsford would fix various items on the house it built for Copeland and pay Copeland the sum of $4,200. Although Copeland cooperated in obtaining release of the debt deed, it is undisputed that Lunsford did not make the repairs Copeland wanted and never paid the $4,200.

After she was unable to come to agreement with Lunsford, Copeland eventually sold the portion of lot 8 at issue to nearby neighbors, John and Diane Davis. The Davises wanted the portion of lot 8 to use as a bargaining chip with Lunsford over the establishment of a buffer between their house and the new subdivision Lunsford intended to develop and access by the right-of-way over portions of lots 7 and 8 in Watson's Ridge. When Lunsford discovered that Copeland had sold the portion of lot 8 to the Davises, he brought the present suit claim-

ing breach of the sales contract stipulation, fraud by Copeland regarding the post-closing agreement, and fraudulent conveyance plus tortious interference with business relations and with contract by Copeland and the Davises. The suit sought to recover damages allegedly suffered by Lunsford to relocate access to the new subdivision over another lot and sought the award of attorney fees and punitive damages.

1. The trial court properly granted summary judgment in favor of Copeland on the claim that Copeland breached the stipulation in the sales contract regarding reservation of a portion of lot 8. The stipulation stated that, prior to closing, Lunsford would reserve a portion of lot 8 from the sale and provide new lot dimensions. None of this was done prior to the closing, and, according to Lunsford, the portion of lot 8 intended to be reserved was mistakenly deeded to Copeland at the closing. Lunsford could have sought reformation of the deed based on mutual mistake, but did not do so. *Rasmussen v. Martin*, 236 Ga. 267 (223 SE2d 663) (1976); *Hicks v. Smith*, 205 Ga. 614, 618 (54 SE2d 407) (1949). Absent reformation of the deed which gave Copeland title to all of lot 8, the sales contract containing a contrary description of the land to be conveyed merged into the executed deed as a matter of law. *Rasmussen*, 236 Ga. at 267-269; *Fields v. Davies*, 235 Ga. 87 (218 SE2d 828) (1975); *Augusta Land Co. v. Augusta R. &c. Co.*, 140 Ga. 519 (79 SE 138) (1913). The fact that the sales contract contained a stipulation creating a variance from the executed deed in the description of the property to be conveyed was not an independent or collateral obligation in the sales contract which would survive the doctrine of merger by deed. See *Worthey v. Holmes*, 249 Ga. 104, 105 (287 SE2d 9) (1982); *San Joi, Inc. v. Peek*, 140 Ga. App. 397, 398-399 (231 SE2d 145) (1976). Although the trial court granted summary judgment on this claim on the basis that the description of the portion of lot 8 in the stipulation was too vague and indefinite to create an enforceable obligation, we need not address this issue because a judgment right for any reason will be affirmed.

2. The trial court correctly concluded there was no basis for Lunsford's claim that Copeland committed fraud by falsely promising to convey the property at issue to Lunsford after the closing. Fraud cannot be based upon a promise to perform an act in the future or a mere failure to perform, unless the promise as to a future event is made with a present intent not to perform or the promisor knows the future event will not take place. *Buckley v. Turner Heritage Homes*, 248 Ga. App. 793, 795 (547 SE2d 373) (2001). There is no evidence that Copeland breached a promise she made with a present intent not to perform, and Mr. Lunsford admitted as much in his deposition.

3. Because the deed conveyed title to all of lot 8 to Copeland, and the sales contract containing a contrary description of the land

merged into the executed deed, the trial court also correctly concluded that Copeland's sale of the portion of lot 8 to the Davises could not be a fraudulent conveyance in violation of OCGA § 18-2-22. For the same reasons, the trial court correctly dismissed the claims that Copeland and the Davises tortiously interfered with Lunsford's business or with a contractual right contained in the sales contract. Finally, the claims seeking attorney fees and punitive damages were properly dismissed as derivative of the other dismissed claims.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED OCTOBER 4, 2002 — 

*Webb, Tanner & Powell, Robert J. Wilson,* for appellants.
*Stevens & Associates, John J. Maurer, James B. McClung, Susan M. Garrett,* for appellees.